**FILED**

JUN 3 0 2008

**Clerk,** U.S. District and
Bankruptcy Courts

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Henry W Geter II**
100 Mich. Ave. N.E.  Suite A-11
Washington DC  20017
202/986-2264
    **(Plaintiff)**

    **vs.**

**City of Washington DC**
*A Municipal Corporation*
1350  Penn. Ave.  N.W.
Washington D.C. 20004

**DC Office  of  Human Rights**
**Director  Gustavo F.  Velasquez**
441 4th Street, N.W.  Suite 570N
Washington D.C.  20001

    **(Defendants)**

Case: 1:08-cv-01119
Assigned To : Robertson, James
Assign. Date : 6/30/2008
Description: Civil Rights-Non-Employ.

**Violation of  Federal Law;**
  **Negligence;    Deliberate**
**Indifference  to  Federal**
**Federal  Rights**

**Jury Trial Demanded**

### COMPLAINT

[ Pleadings  in  this  case  are  being  filed  by  Plaintiff  in  propria  persona,  wherein  pleadings
are  to  be  considered  without  regard  to  technicalities:  "Propria,  pleadings  are  not  to  be
held  to  the  same  high  standards  of  perfection  as  practicing  lawyers.  *Haines v. Kerner*,
92 Sct. 594]

  **Incorporated Elements ...** of  this  Complaint  shall  be  addressed  unto  those  Documents
forthcoming,  labeled  as:  memorandum,  supplemental  memorandum,  articles,  exhibits
and motions

**RECEIVED**

JUN 2 3 2008

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

## INTRODUCTION

**The primary cause of this action** is a long term *inaction* engaged in the *violation of Statutory law* and *negligence*; engaging in the masking of and obstruction of justice; the obstruction of statutory rights, and *deliberate indifference* inflicting severe economic hardship; from the period June 18th, 2007 through June 2008, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from his enjoyment of his '*R*ights' as a qualified member of a group to whom the federal law protect. As held to his official request for '*Reasonable Accommodation.*'

The acts, deeds, conduct or *i*nactions alleged in this Complaint have been done by the Defendants and were performed by their choice or representation, while engaged in the management, direction, control or transaction of Defendants' *Official Affairs*. During a part of all of the time period covered by this Complaint, each of the Defendants' identified below have participated with each other, in the violations alleged in this Complaint. *[ c*onstitutes: a pattern or practice of resistance to the Fair Housing Act, 42 U.S.C. sec's 3601 - 3619 policies, which by inaction raises an issue of general public important. *]* The failure of government to comply with law.

**Legal Review : Supreme Court citing...**

**Unto this inaction of the Defendant's ...** the conduct described were intentional,

Pg 1

willful, and / or taken in disregard for the rights of the claimant. Failing or refusing to take appropriate conciliatory action steps as is mandated by the Fair Housing Act upon the harm cause by the respondents discriminatory conduct. A municipality may be named as a defendant in a civil rights action under 42 U.S.C. sec. 1983 because, as the Supreme Court states in *Monell* that a municipality was a " person " under sec. 1983 and that therefore both a City Government and its Officials in their official capacities could be directly sued for monetary, declaratory, or injunctive relief for violation of a plaintiffs constitutional rights on the basis of alleged unconstitutional actions.

**Plaintiff alleges** that the violations of Constitutional and Statutory Rights in Law stands behind his Complaint. The Complaint having merit is *n*ot one held to mere conclusory of allegations of deprivations of constitutional rights of facts to which a deliberate activity can be inferred. And that a clear and convincing action [conduct], *can* show the allegations relevant pursuant to federal statutes and precedents' of law.    The Law in Statute **... Title 18 U.S.C. Section 2451(b)** [**Prohibits** *w*illful injury, intimidation, or *i*nterference, or attempt to do so, by force or threat of force of any person or class of persons because of their activity as ... a participant in any benefit, service, privilege, program, facility, or activity provided or administered by the United States.] *A*nd in particular the **Fair Housing Act.**

Pg 2

**Further in law!**  This Action is brought to enforce the provisions of Title VIII of the Civil Rights Act of 1968 ( the Fair Housing Act ), as amended by the Fair Housing Act of 1988, 42 U.S.C. 3601 et seq.

Pursuant to the requirements of 42 U.S.C. 3610 (a), (b) & (f), the City of Washington in *a*greement with HUD conducted and completed an investigation of the complaint filed by Plaintiff, attempted mediation without success, and prepared a final investigation report. Based on information gathered in the investigation, OHR determined that *probable cause* existed to believe that discriminatory housing practices had occurred.

This Lawsuit will bring in evidence as '*e*xhibits' those Official Letter's of the U.S. Government [ incriminating evidence ] of Defendant's direct knowledge and its harboring, barring, obstruction of justice, and *d*epriving Plaintiff rights to pursue the federal rights given to his disability, govern to federal statutory laws.

**Plaintiff Henry W. Geter II alleges as follows**

### JURISDICTION AND VENUE

1. Plaintiff brings this action to fully redress a Violation of Federal Law; *r*ights secured by the Constitution thereto Title 42 U.S.C. Sections 1983, *M*unicipal *i*nactions of custom , and Deliberate Indifference to Federal Rights.

Pg 3

2. The violation's described occurred in the Judicial District of the District of Columbia; are in *continuous effect* as of this filing, and not *b*arred to the statute of limitation.

3. The Parties named reside in or acted within the Judicial District of the District of Columbia.

4. The matter of controversy exceeds the sum of $ 100,000.00, exclusive of interest and costs.

5. The Court has Jurisdiction pursuant to 28 U.S.C. section's 1391 (a) (b) and (c); 42 U.S.C. 3612(o) .

6. Plaintiff also invokes supplemental Jurisdiction over State and Common Law claims pursuant to 28 U.S.C. section 1391 (a) (b) and (c).

7. Venue is proper in this District pursuant to 28 U.S.C. section 1391 (a), (b), and (c).

### PARTIES

8. Plaintiff Henry W. Geter II is an individual person, a citizen of the United States, and a resident of the District of Columbia, residing at the Apartment Complex . The " Cloisters "; as one of its disable tenants, in receipt of *disability checks*.

9. Defendant City of Washington D C is a *M*unicipality commonly known as the District of Columbia, that owns, operates, manages, directs and controls the Office of Human Rights and is the public employer of the individual Defendant.

Pg 4

10. Defendant Gustavo F. Velasquez is an Official [ Director ] of the Office of Human Rights. He is being sued in his _o_fficial and _i_ndividual capacity.

11. At all relevant times, Defendants were acting in concert and officially and under color of state law. Their actions deprived Plaintiff of his constitutional and statutory rights.

12. Defendants at all times material, jointly and concurrently supervised and administer, they, the statutory policies of the Department of Housing and Urban Development **HUD** ... Fair Housing Act within the District of Columbia.

### GENERAL ALLEGATIONS

13. Sometime prior to March 26th, 2007 pursuant to the Fair Housing Act ( the _A_ct), 42 U.S.C. 3600 -3620, Plaintiff filed an _e_-mail complaint to the U. S..Department of Housing and Urban Development [**HUD** ] Office of Fair Housing and Equal Opportunity, Philadelphia, PA  That on information and belief the Apartment Complex ~ The Cloisters, within the City of Washington DC were in violation of his rights to seek a " reasonable accommodation " action as needed to enjoy his dwelling unit without threaten actions of its management [ Horning Brothers Corporation ].

14. On or about the followings dates, the Defendants ... City of Washington DC ... Government of the District of Columbia ~ Office of Human Rights [**OHR**]

Pg 5

having jurisdiction over complaints of discrimination, occurrences of an alleged discriminatory act taken place within the District of Columbia deprived one of its residents [ US citizen ] of a federally protected right; actions taken under the color of state law; practices that were *unconstitutional in Law*.

15. Thereafter, on March 15th, 2007, Plaintiff received an official letter *I*nquiry *N*umber 228088 from HUD advising him, to review the prepared complaint form, noting ... " Please sign, date, (using current date) and return the complaint form to this office in the enclose self-addresses envelope." From Ms Cheryl Ann Burrichter...Chief, Intake Branch. Plaintiff signing and returning the form.

16. Thereafter, on March 28th, 2007, Plaintiff received an official letter *D*ocket *N*o.: 07-176-H(N) from Office of Human Rights advising him, the first step in the investigation is the *Fact-Finding Conference*. Noting! Once the OHR completes the Fact Finding Conference ... OHR will review the entire record and make a determination of "probable cause or " no probable cause " of discrimination. From a Ms. Mandi W. Galloway, *E*sq. Equal Opportunity Specialist.

17. Thereafter, on June 18th, 2007, Plaintiff received a " Letter of Determination " *R*e: Henry Geter v. Trinity Community LP, et al advising him, the Office of

Pg 6

Human Rights (OHR) has completed its investigation of the above captioned Complaint, that for the foregoing reason, the OHR finds **Probable Cause** subject to discrimination on the based on disability ( diabetes and amputated limbs ) when Respondent denied or delayed in granting Complainant's request of allowing him to change the due date of his rent from the first to the 15th of the month. From Mr. Gustavo F. Velasquez Director OHR.

18. Thereafter, on July 30th, 2007, Plaintiff filed with the U.S. Department of Housing & Urban Development ( **HUD** ) **R**e: Request for Official Actions Placed *The Charge Of Discrimination* due to the inaction of Mr. Velasquez as held to the comments of the June 18th, 2007, *Letter of Determination ...* / Respondents are requested to notify the OHR within (10) days after receipt of this letter of **D**etermination as to whether they are prepared to pursue conciliation of this matter. If Respondents do not respond or do not respond in the affirmative, the OHR will issue a service of charge notifying the complainants that they can elect to have this case processed for public hearing before the District of Columbia Commission on Human Rights or referred to the District of Columbia office of the Attorney General for civil enforcement action in a court of competent jurisdiction. **IT IS SO ORDERED.** / This

Pg 7

Official communication was provided to Mr. Ernest C. Dawson Civil Rights.

Rights Analyst. ( see Summary Analysis below; held to *d*eprivation & *l*aches )

19. Thereafter, on October 3rd, 2007, Plaintiff received an official letter from the U.S. Department of Housing and Urban Development in response to his June 18th, 2007, letter to Mr. Dawson. " The Department enters into cooperative agreements with state and local jurisdictions that have fair housing or anti-discrimination laws that are *substantially equivalent* to the federal Fair Housing Act ( the Act ) ... (see: 42 U.S.C. 3610 (f) and 3616). Barbara Delaney, Special assistant for Fair Housing Programs at DCOHR has advised you that DCOHR stands ready to proceed with your matter by *completing their administrative procedure* and providing representation to you in a civil action filed by DCOHR should the administrative procedure not provide a successful resolution to your matter. From Steven M. Paikin Director District of Columbia Field Office.. copy to Gustavo F. Velasquez."

20. Defendant The City of Washington DC had an affirmative duty under 42 U.S.C. 1986 to *a* prevent or aid in the preventing conspiracies to deprive Plaintiff of his rights under the U.S. Constitution, if they had prior knowledge of the conspiracy, and *b* prevent or aid in preventing acts that deprive

Pg 8

Plaintiff of his rights under U.S. Constitution if they had prior knowledge of the Acts, where Plaintiff requested 'Reasonable Accommodation' actions.

21. Defendant Gustavo F. Velasquez by his egregious *i*nactions [conduct], did abuse the *s*tatute and civil process of law *d*epriving Plaintiff of his civil rights in violation of 42 U.S.C. section 1983, governing the Reasonable Accommodation request of the Plaintiff; and in furthering: *T*itle 18 U.S.C. sec. 2451(b).

22. Defendant's The City of Washington D C and Gustavo F. Velasquez did *a*cquiescence denied the due process rights of the D C *U*nit *B* ordinance depriving Plaintiff of his civil rights in violation of 42 U.S.C. 1985(*3*).

23. Defendant Gustavo F. Velasquez as *D*irector by his *i*nactions [conduct] and *n*egligence, failed to administer those custom's of the Office of Human Rights grounded to the Plaintiff *C*omplaint filed with HUD.

24. Defendant Gustavo F. Velasquez as *D*irector did not provide the proper administration, significant assistance noted by Mr. Paikin in furtherance *d*epriving Plaintiff of his rights to a Judicial Process under [ the *A*ct ] in violation of 42 U.S.C. 3610 (f) and 3616.

25. Defendant Gustavo F. Velasquez as *D*irector of OHR, did not provide a practice of sound administration and function in his representation(s) of the Office of Human Rights of the City of Washington DC unto its Fair Housing Laws; *i*n knowledge acquiescence unto an unconstitutional act.

Pg 9

26. *OVERT ACTS*...

In furtherance of this violation and to accomplish its objectives, the defendants did perform and caused to be performed the following *overt acts.*

*N*egligence:

On or about June 18th, 2007, the Defendant Gustavo F. Velasquez in the Office of Human Right; his official supervisory capacity as *D*irector ... did perform and cause to be perform a negligence action against the federal rights of the plaintiff efforts to seek the benefits of a federal program and its *r*ights. *R*ights! due him by his being a member of a class of people [disable], to which the benefits were directed to assist by a legislative act of Congress [ The Fair Housing Act ].

*D*eliberate Indifference:

On or about June 18th, 2007, the *r*espondent held to the Determination Letter failed to comply with the *O*rder as Officially filed. Requesting *r*espondent to submit be within (10) days of its receipt. Defendant Gustavo F. Velasquez ... did perform and cause to perform a deliberate indifference over an extended period of time (currently) in violation of the inaction failures ... did perform and cause to perform a failure of administrative proceedings as held to a *m*andated conciliation policy govern to the legislative process due to one's *r*ights, as referred by the statutory *r*ights held to the violation *probable cause* ... did perform and cause to perform a *'U*nit *B OHR* ' abuse.

This " Violation of Federal Law " is based upon the Defendants, the City of Washington DC and Mr. Gustavo F. Velasquez *D*irector of the Office of Human Rights lack of training, unofficial customs, *d*eprived the Plaintiff his *r*ights; section 1983 was legislated enacted to provide a federal ' right ' in *L*aw.

Pg 10

## FIRST CLAIM FOR RELIEF

**[ Violation of Federal Law...  42 U.S.C. section 1983, 1985(3) and 1986 ]**

Plaintiff realleges paragraphs 1 through 26.

Defendant's  City  of  Washington D C;  Gustavo  F. Velasquez as **_D_**irector had  an  affirmative  duty,  to  secure  an  end  to unlawful discrimination in housing; Official  language  held  to  Unit B - Section 2-1411.02 ' Purpose.'

28. Defendant  Gustavo  F. Velasquez  as **_D_**irector of  the  Office  of  Human Rights lack  training  and  directly  **_d_**eprive  Plaintiff  of  his  **_r_**ights  of  access  to a  designated  custom  and  practice  upon  a  valid  claim  in Statutory Law.

29. Defendant's  City  of  Washington D C;  Gustavo  F. Velasquez as Director of the  Office  of  Human Right  so direct  and  proximate  cause  an  explicit result  insufficient  to  the  rights  of  access to a  Statutory  Law.

30. Plaintiff  therefore  is  entitled  to  compensatory,  and  punitive damages on  his  **_F_**irst  Claim  for  Relief  in  the  amount  of  $ 20,000,000.00.

Pg 11

## SECOND CLAIM FOR RELIEF

**[ Negligence ]**

Plaintiff realleges paragraphs 1 through 30

31. Defendant's City of Washington DC;  Gustavo F. Velasquez had a affirmative duty to reasonably inquire whether the policies and practices of law complied, and was in support of federal rights owed Plaintiff's Complaint;

32. Defendant's City of Washington D C; Gustavo F. Velasquez as *D*irector of OHR did neglect to perform their duty under 42 U.S.C. section 3610 (a) and 3616... against Plaintiff's rights to the benefits of the Fair Housing Act.

33. As a direct and proximate result of the Defendant's actions, Plaintiff was harmed in his ability to effectively pursue the Constitutional Rights owed to him; a violation in law preventing his participation in a mandated act underwritten to his disability by an legislative act of Congress.

34. Plaintiff therefore is entitled to compensatory, and punitive damages on his *S*econd Claim For Relief in the amount of $ 20,000,000.00.

## THIRD CLAIM FOR RELIEF

**[ Deliberate Indifference to Federal Rights ]**

Plaintiff realleges paragraphs 1 through 34.

35. Defendants by their actions caused the practice of illegal customs, and conduct contrary deliberate indifference to federal rights due the Plaintiff.

36. As a direct and proximate result of Defendant's actions, Plaintiff suffered mental anguish, and emotional well being; a harmful intent upon his actions to pursuit his rights to Constitutional and Statutory Laws; were malicious.

37. Plaintiff therefore is entitled to compensatory, and punitive damages on his Third Claim for Relief in the amount of $ 20,000,000.00.

## FOURTH CLAIM FOR RELIEF

**[ 42 U.S.C. section 1988; Claim For Reasonable Costs, Disbursements, and Attorney fees in Bringing Actions under 42 U.S.C. sections 1983, 1985, and 1986]**

Pleadings realleages paragraphs 1 through 37.

38. Defendants officially acted in furtherance by adopting , an unlawful actions promulgated by the public entity's Director violating one's civil rights under color of statute in violation of 42 U.S.C. sections 1983, 3610 (f) and 3616.

Pg 13

39. As a direct and proximate result of said actions, plaintiff, to restore himself to his prior condition, is forced to bring suit against Defendants under the above claims; including Title 18 U.S.C. sections ...1621 and 2451(b).

40. Plaintiff, therefore, is entitled under 42 U.S.C. section 1988, to recover reasonable costs, disbursement, and attorney fees on his *Fourth* Claim For Relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court enter judgment against Defendants and award Plaintiff relief as follows:

   a. The amount of $ 20,000,000.00 on Plaintiff ***First*** Claim For Relief

   b. The amount of $ 20,000,000.00 on Plaintiff **Second** Claim For Relief

   c . The amount of $ 20,000,000.00 on Plaintiff ***Third*** Claim For Relief

   e. Reasonable costs, disbursement, and attorney fees on Plaintiff's Fourth Claim.

   f.  That all Defendants be jointly and severally liable for such award.

   g. Whatever other relief this Court deems just and equitable.

**Jury Trial is demanded pursuant to FRCiviP 38.**

<u>...</u>

Pg 14

On information and belief, " Defendants may not prevail on the motion for judgement on the pleadings if Plaintiff's pleading contain allegations that would permit recovery if proven. " *Thayer v. Herdt*, 155 Vt. At 456, 586 A.2d at 1126.

*IN REVIEW*    Brennen v. Kirby,  529 A.2d 633, 637 (R.I. 1987)  " The court will look to the intentions of the legislature in enacting the statute and will *n*ot construe a statute to reach an absurd result. "

Further!  Rule 12 (b) (6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations, in applying the *Conley v. Gibson* standard, the court will '*a*ccept the truth of the well-pleaded factual allegations of the complaint.'

...

On information and belief, *U*nit *B* ... *Office of Human Rights* [ *OHR* ]

Sec. 2-1411.01 *E*stablishment of the Office of Human Rights

(a) * establish pursuant to sec. 2-1204(b)
  * under the *supervision of a Director*
  * a *separate agency* as of Oct. 1999

(b) * Director have full *a*uthority over the office and all
  *f*unctions ... warranted in the interests of ... efficiency
  and sound administration.

Sec. 2-1411.02 *P*urpose

* secure an end to unlawful discrimination in housing
Pg 15

> \* to eradicate discrimination on the basis of physical handicap
> ... and place of residence

Sec. 2-1411.03 *F*unction

> \* (**6**) conciliate complaints of unlawful discrimination in housing
> after office has made a finding of *probable cause*...

Sec. 2-1411.05 *O*rganization

> \* (1) The Office of the Director, sets overall *p*olicy, and promotes
> conciliation after a *determination of probable cause* has been
> reached.

**SUMMARY ANALYSIS** upon Director Gustova F. Velasquez *i*naction of not applying the appropriate *c*ustom and practices held upon an investigation due process agenda for the Complaint filed; govern to *probable cause* the action of the 'Office of Human Rights' attach to Mr. Velasquez *e*mployment, within the District of Columbia, *d*eprived the Plaintiff of his federal rights by the foundation placed to the *Fair Housing Act & Doctrine of Laches* [in violation of federal law].

**In Law**: A municipality is liable when its *e*mployee or agent, in implementing or executing a municipal policy, *d*eprives a person of his or her constitutional *r*ights. Casados v. City & County of Denver, 924 P.2d 1192 ( Colo.App.1996).

> *Equitable Doctrine Laches*

Pg 16

Laches involves an unconscionable delay in asserting the plaintiff's rights
that works to the defendant's prejudice or injury in relation to the
subject matter of the litigation. City of Thornton v. Bijou Irrigation Co.,
926 P.2d (Colo. 1996).

The elements of laches are: (1) full knowledge of the facts; (2) unreason-
able delay in the assertion of an available remedy; and (3) intervening
reliance by and prejudice to another. Manor Vail Condomium Ass'n.
v. Town of Vail, 199 Colo. 62, 604 P.2d 1168 (1980).

...

**P**rejudice here ...is leaving the door open for the Respondent ...Trinity Community LP

et al, allowing them to **m**anaged the legal process; *contracted* to the District of

Columbia via the Office of Human Rights [**OHR**] and its **D**irector Mr. Velasquez

from the Department of Housing and Urban Development [**HUD**]. A violation of

Federal Law and the Plaintiff's Constitutional Rights. **R**espondent has no legal

authority granted by the **C**ongress to administer its violation of Federal Law.

On information and belief, the **t**ime for compliance indicated in the June 18th, 2007,

was ten (10) days ... Letter of Determination had passed, thus Defendant's ~ the

District of Columbia and **D**irector Gustavo F. Velasquez *inaction* were in

Pg 17

deliberate indifference to the provisions, regulations of Federal Law. _D_irector Gustavo F. Velasquez is a government official of the District o f Columbia ... and is subject to suit, for the alleged violation of Plaintiff _r_ights by virtue of 42 U.S.C. sec. 1983 ( as amended ) in his official capacity [ employment ].

## _Supportive Precedents_:

**M.D.Ala. 1999** A city's failure to train its employees can constitute an official policy that forms the basis for a valid claim of municipal liability under sec. 1983. 42 U.S.C. sec.1983 – _Ellison v. City of Montgomery_, 85 F. Supp.2d 1178.

**C.A.D.C. 2000** A municipality's _i_naction, including its failure to train or supervise its employees adequately, _c_onstitutes a " policy or custom," for which the municipality may be held liable under sec.1983, if it can be said that the failure amounts to _deliberate indifference_ towards the constitutional rights of persons in its domain. 42 U.S.C.A. sec.1983 – _Daskalea v. District of Columbia_, 227 F.3d 433.

**E.D.Pa. 2000** "Municipal custom," as required for municipal liability claim under sec. 1983, is defined as such practices of state officials so permanent and well-settled as to virtually constitute law; custom may also be established by _evidence of knowledge and acquiescence_. 42 U.S.C. sec. 1983. _Cannon v. City of Philadelphia_, 86 F.Supp.2d 460.

**Cal.App.2 Dist. 2000** At some point, a failure to follow the law, or the continued application of an arbitrary and irrational standard, will rise to the level of a substantive due process violation. U.S.C.A. Const.Amend, 14 – _I_n re _Rosenkrantz_, 95 Cal Rptr. 2d 279, 80 Cal.App.4th 409.

Pg 18

The Supreme court has stated that " [a] party may adopt a statement either expressly, impliedly, by conduct *or, in a civil case,* by silence. " *State v. Severson*, 298 Or. 652, 657, 696 P.2d 591 (1985). Unto this matter! Review of the **ORDER** dated period ... to the filing of this Complaint, Defendants have been silent. Here by acquiescence ! Officials [ Director Gustavo F. Velasquez ] adopted their own customs independently of the policies of the municipality and those Federal Laws of HUD Fair Housing Act Investigation Procedures. "Acquiescence is 'consent' by silence.." Augusta Country Club, 477 A.2d at 1130

*R*espectfully Submitted

*He*nry W. Geter II **Pro Se**
100 Mich. Ave. N. E.   Ste A-11
Washington DC 20017
1 /202/ 986-2264

Dated: JUNE 23 RD 08

Pg 19

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

*Henry W. Geter, II*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   *11001*
(EXCEPT IN U.S. PLAINTIFF CASES)

*Pro Se   N/P*

## DEFENDANTS

*City of Wash. D.C. Etal*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:08-cv-01119
Assigned To : Robertson, James
Assign. Date : 6/30/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

■ 3 Federal Question
(U.S. Government Not a Party)

□ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### □ A. Antitrust

□ 410 Antitrust

### □ B. Personal Injury/ Malpractice

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

### □ C. Administrative Agency Review

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

### □ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## □ E. General Civil (Other)  OR  □ F. Pro Se General Civil

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☑ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

42 USC 3601    AMENDED FAIR HOUSING ACT

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☐ NO    If yes, please complete related case form.

**DATE** 6/30/08    **SIGNATURE OF ATTORNEY OF RECORD** vep

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.