IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
   (Plaintiff)
      vs.
City of Washington DC
*A Municipal Corporation*

DC Office of Human Rights
Director Gustavo F. Velasquez
   (Defendants)

Case Number : *081119 JR*

PLAINTIFF's SUPPLEMENTAL MEMORANDUM OF LAW;

**MOTION REQUEST FOR PRELIMINARY INJUNCTION RELIEF**

This *r*elief "presents an infliction of economic harm" which is continuous upon the movant party in violation of his constitutional rights under the law. It is ask to protect the movant party [**Henry W. Geter II**] from the *i*naction of government [ **The City of Washington DC** ] to secure the statutory rights due the movant. *W*herefore the Fair Housing Act has establish... i.e. *Sec. 813 [ 42 U.S.C. 3613 ] Enforcement By Private Persons:* ( c ) *R*elief Which May Be Granted – (1) In a civil action under subsection (a), if the court finds that a <u>discriminatory housing practice</u> has occurred, or is about to occur, the court may ... subject to subsection (*d*), *[* Effect On Certain Sales,

Pg 1

RECEIVED
AUG − 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Encumbrances, and Rentals – relief granted under this section shall not affect any contract ... or lease consummated before the granting of such relief... *w*ithout actual notice of the filing of a complaint... or civil action under this *t*itle *J*, *m*ay grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order. A granted issuance of a preliminary injunction would *p*revent the continuous application of economic harm upon the movant *r*estrictive and *f*ixed '*source of income*'. Unto this matter ' The City of Washington DC and the *D*irector of the Office of Human Rights (**OHR**)  [non-moving parties] having found a *discriminatory housing practice*, *did not* seek a temporary injunction upon the non- responding *p*arty[1] as require by statutory law, as mention above. But allowed! knowingly of the economic harm place upon the movant, fail to administer the measure of protection owed to the legal duty of care, *g*auge to the essential living arrangements, imposed upon all US citizens. Held  here to the *p*ayment of individual cost i.e. *R*ent, *F*ood, *L*ights, *P*hone, *W*ater and *M*edicine

[ Medicare Care and Insurance] embraced upon their living standards as *head of the household*; a diabetic with dual  limb  *a*mputation of  the *f*eet. See attach *E*xhibit '*B* ' *Source of Income* Movant monthly rental cost  is  $ 1,585.00 [ plus additional late fees and court costs ]. Where the Department of Housing and Urban Development [HUD] has establish this action [ relief ] unto the FAIR HOUSING ACT. The City of Washington DC  in  receipt of a  " Substantial Equivalency Certification " is  in ~  Violation  of  Federal Law... *n*ot providing substantive rights – that are substantially equivalent to the federal Fair Housing Act.  See attach *E*xhibit ' *C* '.

Pg 2

---

[1] *D*enotes: Property Owner - Trinity Community LP [ Management firm ~ Horning Brothers Corporation ]

*[ Court Ruling: held to the filed Complaint --- page 18 thereto ... "At some point, a failure to follow the law, or the continued application of an arbitrary and irrational standard, will rise to the level of a substantive due process violation. In re Rosenkrantz, 95 Cal Rptr.2d 279, 80 Cal.App.4th 409.]*

The non-moving party ... The City of Washington DC, has failure to follow the law.

Other Rulings of law posting this Motion:

*[ N.D. Tex 2000  Government entity can be sued and subjected to monetary damages and injunctive relief under sec. 1983 only if its official policy or custom causes person to be deprived of federally protected right. 42 U.S.C.A sec 1983 – Williams v. Kaufman County, 86 F.Supp. 2d 586 ]*

*[ Persons who meet the definition of disability for purposes of receiving supplement security income ("SSI") or social security disability insurance ("SSDI") benefits in most cases meet the definition of disability under the Fair Housing Act, although the converse may not be true. – Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 797 (1999).*

Unto this "Motion for Relief" movant constitutional rights are not vague... but an open - ended prohibitions embraced upon all US citizen, as applied to their standard of living arrangements, especially when matrix by a medical illness [ disability ]. A criterion most effectively applied to a specific person or persons within a bonded life existence.

While having to litigate this case, this court is being ask to fully address the scrutiny analysis render below, in a greater restrictive means for the non-moving party [ the City of Washington DC ] inactions to achieve the compelling interest mentioned of the movant. The failure of shielding a US citizen of the _continuous economic harm_ placed to the movant Complaint; where

Pg 3

' Probable Cause ' is legal establish; *d*epriving the movant of his or her federal rights; where the *i*naction of The City of Washington DC ... action [ conduct ] were at best *s*ilent upon an unbalanced of the *primary source of income*; failure to tailor a means to achieve the constitutional rights [ *i*njunctive relief ] due the movant.

Thus the court is ask to affirm on the merits, the interests at stake for the issuing of a preliminary injunction, scale to the raised: source of income, individual payment costs and *a*nalysis.

**Analysis:**

On information and belief, to determine whether a preliminary injunction is warranted, we ask that the facts consider ~

(1) *W*hether the movant has shown a reasonable probability of success on the merits; (2) *w*hether the movant will be irreparably harm by denial of the relief; (3) *w*hether granting preliminary relief will result in even greater harm to the non-moving party; (4) *w*hether granting the preliminary relief will be in the public interest.

A. Reasonable Probability of Success on the Merits.

A reasonable probability of success on the merits trenches upon the law, establish by the Government Entity's. The law's of governing authority is narrowly tailored to meet a compelling state interest, and that it seeks to protect. In no way does this requested relief, ignores the substantive due rights of the movant, but brings attention upon the lack of applicability of the defined legal intents of the law.

Pg 4

B. Irreparable Harm by Denial of Relief.

Where movant meets the reasonable probability prong (A) above, will too! Almost certainly meet this test, since irreparable injury normally arises out of the *d*eprivation of rights. Movant would most assuredly suffer irreparable harm... the *c*urtailment of one's constitutionally protected rights of law. This element of the preliminary injunction analysis is satisfied.

C. Injury Outweighs Harm.

In balancing the movant respective interests ( his source of income ) against non-movant *i*nactions to bring a legal duty [ constraint ] on a valid claim; being deliberate and negligence to the protected rights of the movant; being acquiescence to the elements of the allowed arrangement of cost noted hereto. Far outweighs the continuous economic harm ( damages ) that would be imposed by a failure to affirm this preliminary injunction.

The movant is aware that without a preliminary injunction, movant would be require to face the *s*ubstantial financial costs while implementing the litigation held to this court.

D. Public Interest.

Curtailing a constitutionally protected right does not advance the public interest, i.e. empowerment of a public - safety policy could properly be imposed, referred to a " privilege" in law of evidence, germinating review by the general public upon the 'substantive due process' preventing a citizen entitlement of statutory rights; *d*epriving its *enforcement authority*.

Pg 5

## MOTION

*Wherefore*, whatever defense the Defendants' The City of Washington DC; Director Gustavo F. Velasquez might otherwise enjoy, no legal defense can remove the *a*ctions, *c*onduct, ( *i*nactions ) to justify the arbitrary refusal [ deliberate indifference ] to confer all legal actions [ duty of care ] governing a violation of movant legal rights. Non-movant action were not enough, its ' Letter of Determination ' did not approach the central harm manifested to the movant 'source of income.' The Government [ The City of Washington DC ] erred by not fully recognizing the significance important of this ' source of income '.

As it now stands, the movant has further been *d*enied, *d*eprived and *p*revented to the full access of the rights gained via a legislative act of Congress [ Fair Housing Act ]. To deny this *M*otion would violated the fundamental goals of this statutory scheme; movant believes.

For the foregoing reasons movant is *a*sking that all monthly payments be placed on the 15th of each month, at the amount of $865.00 ~ fixed to his SSDI checks from the federal government.

*NOW COME* Plaintiff as a <u>*private party*</u> having filed a *C*ompliant with HUD and The City of Washington DC ~ Office of Human Rights; in *c*ompliance with statutory law, PRAYS that this court *o*rder a preliminary injunction relieving the <u>*continuous economic hardship*</u> upon the movant party for the duration of *t*his case before the court. An *O*rder issued to the property owner of the Cloisters Apartment Complex; recorded upon the books of the Management Firm Horning Brothers Corporation. [ *p*roperty owner: Trinity Community LP ]

Pg 6

***Citing:*** *O*nce the District of Columbia Office of Human Rights [ **DCOHR** ] issued its finding of ' Probable Cause ' based to *d*iscrimination [ disability ] the *O*rder asked; held to 10 days when *not in response*, *a*uthorized DCOHR exclusivity, that DCOHR had full authority to issue an *i*njunctive *r*elief *o*rder given to the movant party *source of income* raised to his economic hardship. Unto this matter ' *n*o delay effect ' should have prevented *its* legal duty to mandate the *r*elief ask upon this court. Unto this matter The City of Washington DC *i*naction is legally establish to a failure to train and supervise the legal rights due the movant. Movant is asking of this court to correct [ enforce ] this *violation of federal law* due the movant..

> *C*iting: "SSI and SSDI benefits may constitute an official statutory discrimination violation of federal law that can be said, an injunctive action is an available remedy to enforce the provisions of the Fair Housing Act; halting the continuous abuse of an economic harm given to the legislative intent of section 1983." *I*d.

Respectfully Submitted.

*/s/ Henry W. Geter II*
Henry W. Geter II

100 Mich. Ave. N.E.  Apt. A-11
Washington DC  20017

Pg 7

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Important Information

                                         Mid-Atlantic Program Service Center
                                         300 Spring Garden Street
                                         Philadelphia, Pennsylvania 19123-2992
                                         Date:  June 3, 2008
                                         Claim Number:  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HA

HENRY W GETER JR  
100 MICHIGAN AVE NE  
APT A11  
WASHINGTON DC 20017-1026

*Exhibit "B"*

Below is the new repayment withholding schedule we will use to collect the overpayment of Social Security benefits paid to you.

| Month(s) | Amount you will receive | Amount withheld | Balance you owe |
|---|---|---|---|
| 06/08 | $1,134.00 | $50.00 | $13,726.00 |

If you pay Medicare premiums or health plan premiums, they have been deducted from the amount shown under the heading "Amount you will receive."

**What We Will Pay And When**

    You will receive $1,134.00 for June 2008 in July 2008.

    After that, you will receive $1,134.00 on or about the third of each month.

    You will receive your full regular monthly payment beginning July 2031.

**If You Have Any Questions**

    We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security.  If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 202-281-3620.  We can answer most questions over the phone.  If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778.  You can also write or visit any Social Security office.  The office that serves your area is located at:

                        SOCIAL SECURITY  
                        POSTAL PLAZA SHPG CTR  
                        1905-B 9TH ST NE  
                        WASHINGTON DC 20018

R                                    See Next Page



**HORNING BROTHERS**
Developers of fine residential communities
and commercial centers for more than 40 years.

Prepared By    AG

# Residential Lease Agreement

This LEASE AGREEMENT, made on ___N/A___ by and between DOUBLE H HOUSING CORPORATION (Agent for the Owner of the real estate described below), party of the first part, herein called Landlord, and Henry Geter II herein called Tenant.

### WITNESSETH

That in consideration of the rent herein reserved, and the covenants herein contained, Landlord hereby leases to Tenant, and Tenant hereby takes from Landlord, the premises at: ___The Cloisters___ 100 Michigan Avenue N.E known as Apartment No. ___A-11___ in Washington, D.C. 20017, to be occupied as a private dwelling for ___1___ persons and not otherwise for a term of ___12___ months, commencing for the same on ___July 1, 2008___ and ending on ___June 30, 2009___ for a total minimum rental of ___$18,984.00___ dollars, payable by check or money order as specified by Landlord, payable in equal monthly installments of ___$1,582.00___ dollars, in advance, without deduction, set off, or demand, on the first day of each month during said term, at the office of The Property Manager or at such other place as may be designated by Landlord, the first of such installment payments to be made upon the execution hereof covering rent in advance for the first month of said term.

It is understood and agreed that Tenant is taking possession of the leased premises on ___N/A___ and agrees to pay the sum of ___N/A___ dollars as rent from that date through ___N/A___ on or before ___N/A___ Thereafter, rent shall be paid as stated in this Lease. Such occupancy shall be subject to all the terms and conditions of this Lease Agreement.

IT IS FURTHER COVENANTED AND AGREED BETWEEN THE LANDLORD AND TENANT AS FOLLOWS:

1. SECURITY DEPOSITS: It is understood and agreed that the Tenant has deposited with the Landlord the sum of    $ 250 pp to be held by the Landlord as a security deposit, and which at the Termination of the tenancy hereunder, for whatever cause, and after notice to Tenant as required by law, Landlord may retain and apply said deposit or part thereof as required, as full or partial payment toward overdue rent or any other tenant charge which remain unpaid, including but not limited to the cost of (1) any labor and materials over and above that usually required for cleaning of the stove, refrigerator, kitchen, bathroom or any other portions of the apartment and for the removal of trash or other property left or abandoned on the premises, (2) the extra cost of painting and redecorating the apartment resulting from general abuse by Tenant, the removal of wallpaper installed by Tenant, or any other action of Tenant which necessitates excessive repainting or redecorating cost, (3) the cost of repairing or replacing any portion of the demised premises or property of the Landlord by the Tenant, his family, guest, agents or severance, (4) in the event this lease shall, for any reason, be terminated prior to the expiration date set forth herein, the security deposit aforesaid, at the option of Landlord, may be retained, (5) Further, the Landlord may retain said security deposit if Tenant fails to comply with all covenants, conditions, terms and provisions herein. The portion of said security deposit, if any, not so retained and applied to be refunded to the Tenant, plus any interest required by law, within such time after Tenant has quit possession of the premises, as may be provided by law.

2. REPRESENTATIONS IN APPLICATIONS: Landlord has tendered this lease to the Tenant on the basis of the representations contained in the application submitted by Tenant to Landlord and made a part of this lease for the purpose of inducing Landlord to execute this lease agreement, and in the event that any of the representations contained in the aforesaid application shall be found by Landlord to be misleading, incorrect or untrue, the same shall be a breach of the obligations of Tenant hereunder and Landlord shall have the right to cancel this lease and to repossess the leased premises in the manner provided by law.

3. TENANT ACKNOWLEDGES GOOD CONDITION OF PREMISES: Tenant hereby acknowledges that he has inspected said leased premises and that they are in good condition and his acceptance of this lease is conclusive evidence that said premises are in good and satisfactory order and repair and in compliance with the Housing regulation of the District of Columbia, unless otherwise specified herein. Tenant agrees that no representation as to the condition of the premise has been made and no promise has been made to decorate, alter, repair or improve the premises unless otherwise stated in writing.

4. POSSESSION: Tenant shall peaceably and quietly enter upon the leased premises during the entire term of this lease, and shall retain possession of the same only as long as Tenant complies with all the terms and conditions of this agreement, and, provided further, that if Landlord shall allow Tenant to take possession prior to the date of the commencement of said tenancy, Tenant shall pay Landlord the monthly rental aforesaid proportioned over the number of days the premises and in the event the demised space is vacant, the Landlord shall deliver the space as per the terms and conditions contained in this Agreement.

5. USE AND OCCUPANCY; RESTRICTIONS ON SUBLETTING: Tenant shall personally use and occupy the leased premises solely as a private dwelling for himself and his immediate family (unless said application provides otherwise). All occupants are named below and may not be substituted for other occupants without the written consent of the Landlord. The number of occupants shall not exceed the number shown on this lease, not to include occasional guests, for the purpose of this paragraph "occasional guests" shall mean any person who, with the Tenant's consent, temporarily occupies the premises without remuneration to the Tenant, for not more than fifteen (15) consecutive days. Tenant shall not sublet the leased premises or any part thereof or transfer or assign this Lease, or take any action in connection with any of the same, without prior written consent of Landlord. All occupants as named below
Henry Geter II

6. PERSONAL PROPERTY RISK: All personal property placed in the leased premises, storage room or any other portion of said building or any place appurtenant thereof, shall be at the sole risk of the Tenant or the parties owning the same, and Landlord in no event shall be liable for the loss, destruction, theft or damage to such property from any cause, happening or act of negligence of any person other than Landlord. Further, Landlord is not liable for bursting,

Page 1 of 4

35. ATTORNEY'S FEES AND SUITS: In the event Landlord employs an attorney to enforce compliance by Tenant of any term or provisions of this lease agreement, Tenant shall pay such attorney's fee as is awarded by the court. In the event it becomes necessary to file suit for the collection of rent due hereunder, Tenant agrees to pay the cost of any such action, plus a reasonable attorney's fee as is awarded by the court, and all other additional costs that may be incurred, which sum shall be added to the rent herein reserved as additional rent and shall be payable on demand as part thereof.

36. WAIVING OF ONE BREACH NOT A GENERAL WAIVER: No waiver of any breach of the covenants, provisions or conditions contained in this lease shall be construed as a waiver of the covenant itself or of any subsequent breach thereof, and if any breach shall occur and afterwards be compromised, settled or adjusted, this lease shall continue in full force and effect as if no breach had occurred.

37. ADDITIONAL ASSESSMENTS: It is agreed that, where permitted by law, if the real estate assessments, levies, taxes and/or gas and/or electricity and/or sewer and water and/or fuel oil rates or charges are increased after the date hereof, or if new taxes, levies or charges are made, imposed or charged to Landlord or against the property of which the apartment aforesaid is a part, or should Landlord make capital improvements in the property or apartment complex of which the leased premises are a part, Tenant agrees that the rent herein reserved may be increased by Landlord, upon one month's written notice to Tenant, to compensate for the same, and Tenant covenants and agrees to pay the increased rent thus determined for the balance of the term of this lease and any renewals or extension thereof.

38. SUBORDINATION: This lease is subject and subordinate to all present or future mortgages or deeds of trust affecting the demised premises, the building or the property on which the same are located, or all of the aforesaid, and the Tenant hereby irrevocably appoints Landlord as attorney-in-fact coupled with an interest to execute and deliver any and all necessary documents to subordinate this lease to any present or future mortgages or deeds of trust affecting the demised premises, the building or such property, or all of the same.

39. CONDEMNATION: In the event the demised premises or any part thereof are taken by condemnation by any governmental agency or authority, this lease shall be terminated at the option of Landlord, and Tenant hereby specifically waives any right to any portion of the award received as damage for the taking of the property.

40. LEASE BINDING AND HEIRS: This lease and all covenants, conditions, terms and provisions hereof are binding upon and shall insure to the benefit of the successors and assigns of Landlord and heirs, executors, administrators and, to the extent herein permitted, on assigns of Tenant. If there is more than one tenant executing this lease, they and each of them shall be jointly and severally liable hereunder.

41. SEVERABILITY: If any provision or clause hereof is held invalid or illegal by a court of competent jurisdiction, the remaining provisions or clauses shall not be invalidated thereby, and this lease shall be read and construed as if such invalid or illegal provision or clause had not been contained herein.

42. RULES AND REGULATIONS: Tenant covenants and agrees that all rules and regulations set forth herein or hereafter adopted by Landlord and made known to Tenant shall have the same force and effect as covenants of this lease, and Tenant covenants that he/she, his/her family and guests will observe all such rules and regulations.

43. CONTEXT OF AGREEMENT: Where the context requires words in the singular shall be substituted for the plural and vice versa, and words in the masculine shall be substituted by any gender.

IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed, in triplicate, in person or by a person thereunto duly authorized and their respective seals to be hereunto affixed, the day and year first herein above written:

WITNESS: _____

by _____
Connie Fletcher, Property Manager

_____
Henry Henry Geter II

Prepared by:    AG

Page 4 of 4

This page is located on the U.S. Department of Housing and Urban Development's Homes and Communities Web site at http://www.hud.gov/offices/fheo/partners/FHAP/equivalency.cfm.

*Exhibit "C"*



# Substantial Equivalency Certification

**FILE COPY**

Substantial equivalency certification takes place when a State or local agency applies for certification and the U.S. Department of Housing and Urban Development (HUD) determines that the agency enforces a law that provides substantive rights, procedures, remedies and judicial review provisions that are substantially equivalent to the federal Fair Housing Act.

We have developed a two-phase procedure for the determination of substantial equivalency certification. In the first phase, the Assistant Secretary for Fair Housing and Equal Opportunity determines whether, "on its face," the State or local law provides rights, procedures, remedies and judicial review provisions that are substantially equivalent to the federal Fair Housing Act. An affirmative conclusion that the State or local law is substantially equivalent on its face will result in HUD offering the agency interim certification. Interim certification is for a term of three years. An agency must obtain interim certification prior to obtaining certification.

In the second phase, the Assistant Secretary for Fair Housing and Equal Opportunity determines whether, "in operation," the State or local law provides rights, procedures, remedies and the availability of judicial review that are substantially equivalent to the federal Fair Housing Act.

An affirmative conclusion that the State or local law is substantially equivalent both on its face and in operation will result in HUD offering the agency certification. Certification is for a term of five years.

During the five years of certification, the agency's ability to maintain certification will be assessed. After the five years of certification, if the Assistant Secretary determines that the agency still qualifies for certification, HUD will renew the agency's certification for another five years.

## Benefits of Substantial Equivalency Certification

Substantial equivalency certification presents numerous advantages to State and local governments, parties to housing discrimination complaints and the general public. The advantages include funding availability, local complaint processing under a substantially equivalent law, and opportunities for partnerships that affirmatively further fair housing.

### Funding Availability

Substantially equivalent agencies are eligible to participate in the Fair

Housing Assistance Program (FHAP). FHAP permits HUD to use the services of substantially equivalent State and local agencies in the enforcement of fair housing laws, and to reimburse these agencies for services that assist us in carrying out the spirit and letter of the federal Fair Housing Act. A variety of FHAP funds are available to agencies with substantial equivalency interim certification and certification.

**Complaint Processing Under a Substantially Equivalent Law**

Substantial equivalency certification results in housing discrimination cases having the benefit of State or local complaint processing. At the same time, the process assures that the substantive and procedural strength of the federal Fair Housing Act will not be compromised.

Generally, when HUD receives a complaint and the complaint alleges violations of a State or local fair housing law administered by an interim certified or certified agency, we will refer the complaint to the agency for investigation, conciliation and enforcement activities. Fair housing professionals being based in the locality (or the same state, district, possession or territory) where the alleged discrimination occurred benefits all parties to a housing discrimination complaint. These individuals often have a greater familiarity with local housing stock and trends. In addition, the fair housing professional's closer proximity to the site of the alleged discrimination may lead to greater efficiency in case processing.

While certification results in a shift in fair housing enforcement power from the federal government to the State or locality, the substantive and procedural strength of the federal Fair Housing Act is not compromised. Prior to certification, an agency must demonstrate to HUD that it enforces a law that is substantially equivalent to the federal Fair Housing Act.

**Partnerships that Affirmatively Further Fair Housing**

Certified agencies are eligible for funding that can be used to partner with private fair housing organizations. By drawing on the strengths of private and public fair housing organizations, such partnerships can result in effective efforts to combat housing discrimination.

Content updated December 13, 2007

**U.S. Department of Housing and Urban Development**
451 7th Street, S.W., Washington, DC 20410
Telephone: (202) 708-1112  Find the address of a HUD office near you

# CERTIFICATE OF SERVICE

*I* Henry W. Geter II   HEREBY CERTIFY on this 4th day of AUGUST, 2008, that a copy of the foregoing **DOCUMENTS** was forwarded to the *Defendants and or Counsel for the Defendants*:

*VIA CERTIFIED MAILING* as held to the addresses shown...
*B*elow.

*Henry W. Geter II*
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017

202/986-2264

**Service Listing:**

*City of Washington DC*    Certified Mail Receipt No. 7002 0460 0002 6317 0415
[ District of Columbia ]
c/o Peter Nickles
Attorney General
441 4th Street, N.W. Suite 1060N
Washington D.C. 20001

*DC Office of Human Rights*   Certified Mail Receipt No. 7002 0460 0002 6317 0422
Director  Gustavo F. Velasquez
441 4th Street, N.W. Suite 570N
Washington D.C. 20001