## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Henry W Geter II**
100 Mich. Ave. N.E.   Suite A-11
Washington DC  20017
202/986-2264

**(Plaintiff)**

vs.

**City of Washington DC**
**A Municipal Corporation**
1350 Penn. Ave. N.W.
Washington D.C. 20036

**DC Office of Human Rights**
*Director  Gustavo F. Velasquez*
441 4th Street, N.W. Suite 570N
Washington D.C.  20001

**(Defendants)**

**CIVIL  ACTION**
*No.  081119  JR*

**Violation  of  Federal Law;**
**Negligence ;        Deliberate**
**Indifference  to       Federal**
**Federal  Rights**

**Jury Trial Demanded**

## MEMORANDUM OF FACTS AND AUTHORITY
## IN SUPPORT OF PLAINTIFF COMPLAINT

**Civil Rights include, but are not limited to ... the right to be free from discrimination**

**Unless otherwise noted, all facts are _incorporated to the Plaintiff Complaint._**

RECEIVED
AUG - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FACTUAL BACKGROUND

This *Federal Question* claim is pleaded here with sufficient specificity. *F*or the rules held to '*F*ederal Rule of Civil Procedure 8(a)' requires only a " short and plain *s*tatement of the *c*laim that will give defendant a fair notice of what the plaintiff's claim is and the *grounds upon which it rest*." *H*ere! The City's action and *inaction, by and through its officials, did* engaged in a disrupted act, policy and or practice that was unwarranted or unsolicited [ by the Plaintiff ]; an *i*nterference unto the federal *r*ights granted to a US citizen, wherefore the *i*naction is *l*iable when resolved to a finding of **PROBABLE CAUSE** ...discrimination; via its *Director ~ Office of Human Rights.* Evidence will show under *h*is *official capacity* an intentional engagement with others, ' *i*nactions ' in custom, that impeded one's equal protection *r*ights. Thus the results of this long - term **inactions** of the *D*efendant's City of Washington DC; Gustavo F. Velasquez are fully *r*aised below.

### 42 U.S.C. section 1985(3) provides:

If two or more persons in any state or territory conspire... for the purpose of *d*epriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law, ... in any case of conspiracy set forth in this section, if one or more person engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived

of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived can have an *action for recovery of damages*, occasioned by such injury or deprivation, against any one or more of the conspirators.

## Legislative Goals of the Fair Housing Act;

The Fair Housing Act is a statute that takes aim at discrimination in the housing market. Victims of such discrimination have standing to bring suit for relief from their injuries as well as for damages.

The " Fair Housing Act " marked the first real efforts to make private housing transaction subject to civil rights law and finally made it possible to hold landlords legally responsible for housing discrimination. It being initially passed to prohibit discrimination on the basis of race, color, national origin and religion.

The Act also opened up new avenues of enforcement of housing discrimination claims, including complaints to the U.S. Department of Housing and Urban Development and The Department of Justice, and private lawsuits in court.

Under its modern-day interpretation, the Act covers a broad range of housing- related transactions, some of which are explicit in the Act, and others more defined. Such as! It also makes it illegal to coerce, intimidate, threaten, or interfere with someone in the *exercise of their fair housing rights* [42 U.S.C. s 3717 ] and provides for civil

remedies and criminal penalties for doing so [ 42 U.S.C. s 3631 ].

The next - and most - significant amendment to the *A*ct came in 1988 with the Fair Housing Amendments Act of 1988 (FHAA). The FHAA added two new classes of protection: " Handicap " and " Familial Status, " the FHAA too! Extended the statute of limitations for Federal lawsuits from 180 days to two years and removed a $ 1,000 cap on punitive damages.

FHAA then opened up new avenues for enforcement of the rights of people with *disabilities* to live in the housing of their choosing. For the first time, private party transactions where disability discrimination took place were subject to scrutiny in Federal court. Allowing private parties to bring suits against *h*andicap violations. Further the, Fair Housing Act also requires housing providers to make *r*easonable *a*ccommodations to rules, policies and practices when necessary to provide a person with a disability with the same enjoyment of a dwelling [42 U.S.C. s 3604 (f)(3)(B)].

**In Argument;**

Section 804(f)(3)(B), which requires a " reasonable accommodations " for the benefit of persons with handicaps, is not *u*nconstitutionally *v*ague.

Section 804(f)(3)(B) makes it *i*llegal to refuse ...

> to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [ a person with a disability ] equal opportunity to use and enjoy a dwelling.

**Injury To Plaintiff;**

As a direct and proximate result of the Defendant's *i*naction's conduct and their negligent authority; preventing the equal protection *r*ights noted to the Complaint. The plaintiff has suffered economic losses, loss of time and effort, humiliation, mental anguish, severe emotional distress, attendant bodily and physical injuries and conditions, deprivation of his *r*ights to equal housing opportunities. The *i*naction is deliberate and held to an " ***Official Policy*** ". Defendants' *deliberate indifference* and *negligent a*ctions have caused, and are continuing to cause harm to Plaintiff access to the Fair Housing Statute frustrating him to bring legal action upon the *S*tatute violations; an abuse of *d*ue process.

*[ D*iscriminatory actions: see attached OHR/HUD Findings ... *D*etermination *L*etter, facts behind the federal statutory violation investigation. *]*

The *C*ity owed Plaintiff a duty to manage the **Office of Human Rights** in

Pg 4

a manner that was free from *u*nofficial policies , and to hire, train, supervise, and discipline the employees *i*nactions of this *O*ffice to fulfill this duty. Yet! Its *D*irector policies [ *i*ndifference] harmed and continues to harmed the Plaintiff by preventing his efforts of enforcement, statute *liable* due to the City's *i*nactions in violation of their duty. The result of this action, includes but is not limited to:

   a. the " *C*ity's *i*ndifference " failure to train their employees and themselves regarding the requirements of State and Federal Fair Housing Laws;

   b. the " *C*ity's *i*ndifference " failure to hire persons who were familiar with the requirements of State and Federal Fair Housing Laws;

   c. the " *C*ity's *i*ndifference " failure to supervise their employees regarding compliance with the requirements of State and Federal Fair Housing Laws;

   d. A *f*ailure to administer legal requirements due to the violation, fully within accepted *L*egislature custom and standards of **HUD policies**.

**Burden of Proof in Disability Cases
   Under the Fair Housing Act;**

The courts have held that there must be a link or " nexus " between the disability and the requested accommodation. Accommodations and modifications can be requested when someone is applying for housing, during tenancy or when challenging an *e*viction notice. In the request, a person with a disability must provide proof that he or she has a covered disability...

Pg 5

a) Proof that the person with a disability asked for an accommodation.

b) Cite the applicable law that protects your rights. *See factual allegation below*.

[ Under the Fair Housing Act Amendments sec. 804 ( 42 U.S.C. 3604 ) (f)(3)(B), it is unlawful discrimination for a *management company* to deny a person with a disability a " reasonable accommodation " of buildings rules and policies if such accommodation may be necessary to afford such person full enjoyment of the premises. ]   *See* exhibit article *A* ... lending support to plaintiff request.

*Unto the Housing Provider...*      *They must* provide:

Proof that the accommodation offered by the person with a disability is unreasonable

i.e. the accommodation would pose an " undue burden " on the landlord or result in

a " fundamental alteration " of the landlord's provision of housing [ 24 C.F.R s

100.204 ]. Being silence is not proof [ material evidence ] in accordance to law.

### Reference Starting - Point
[ *Relevant Evidence* ]

**The Original Complaint:** ...

The initial complaint in this action alleges that the Plaintiff has a right to access

Federal Rights via Statutory Laws to lend benefits to his enjoyment of the

dwelling unit at " The Cloisters " ...an apartment complex unto his residence in the

City of Washington D.C., as given to his disability [ amputation of both limbs ].

That the Fair Housing Act as amended 1988 was legislated by Congress, to bring

assistance to those individuals ... being disable, to acquire the Federal support

of law: requirements, guidelines and policies of this Act.

Pg 6

The Complaint alleges the management company Horning Brothers Corporation and its management, supervisory personal / staff engaged in both an intentional and conspiring action / conduct that barred Plaintiff access to those Federal Rights owned to the Plaintiff disability [ 42 U.S.C. section 3601 et. Seq.], and further that their actions / conduct " constitute coercion, intimidation, threaten, and interference, " in violation of section 3617 of the Fair Housing Act.

The claims made herein arises from customs or policies generally applicable to _those individual within a defined class -of- people_, as mentioned to the Fair Housing Act as amended 1988. _T_his memorandum fully incorporates this _b_elief in facts. That Horning Brothers Corporation and its relationship with Horning Brothers Management, and others, associated in facts, engaged in an unjustifiably action, ongoing course of conduct to bar and deny [ prevent ] the Plaintiff's _rights to statutory benefits_ due him. _T_his memorandum fully incorporates this _a_uthority.

On information and belief, all the Defendants engaged in a fraudulent conduct, making it impossible for Plaintiff to satisfy his actions to seek Federal Assistance Programs that are essential to his disability standing as placed to his _income status_. On information and belief, Defendants target especially susceptible individuals in violation of Federal Fair Housing Law; barring one's right to federal initiatives.

Pg 7

That the Business Entity with others has engaged in "corrupt activities "as defined in R.C. section 2923.31(1), in that Defendants conspire and engage, and continue to conspire and engage, in conduct constituting certain predicate offenses, including violation of:

    a. 18 U.S.C. section 1621, 1623, prohibiting the making of false statements.

These Defendants breached their statutory duty to Plaintiff; made negligent and / or intentional misrepresentations of the Fair Housing Act as amended 1988, to Plaintiff upon which Plaintiff reasonably relied; failed to disclose all material facts and statements in their management of the Plaintiff " reasonable accommodation " request; and otherwise failed to take the utmost and / or reasonable care, caution, and diligence to protect the best interest of Plaintiff.

As a result of the parties relationship, these Defendants had a duty to act in the best interests of the Plaintiff. The act of perjury does not support this duty.

**Perjury;**

Under Federal Law and in most states, perjury is a felony.

False testimony in a civil deposition can lead to a perjury prosecution.

Today's modern perjury statutes have four elements:

1) the statement must be made under oath;

2) the statement must be false;

3) the speaker must intend to make a false statement; and

4) the statement must be material to the proceedings.

The court citing: Perjury requires proof that a defendant, while under oath, knowingly made a false statement as to material facts.  United States v. Dunnigan, 507 U.S. 87, 94 (1993).

### *Civil perjury*

In a 1994 case... the court stated " we categorically reject any suggestion, implicit or otherwise, that *p*erjury is somehow less serious when made in a <u>civil proceeding</u>." federal appeals court Judge Gerald Tjoflat wrote. " *P*erjury, regardless of the setting, is a serious *o*ffense that results in *incalculable harm* to the functioning and integrity of the legal system *a*s well as to *private individuals*."

### *Standards of Attorney Professional Conduct*

Noting in Law:

"A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help in the law. He must let the truth be told. " Clark v. United States, 289 US 1, 15 ( 1933). [see... subornation of perjury below]

"The law does not make a law office a nest of vipers in which to hatch out frauds and perjuries." Gebhardt v. United Railways co., 220 SW 67 (Mo. 1920).

"A corporate attorney theoretically has the duty of sliding with a truthful employee against a manager engaged in fraud. See, e.g. Nix v. Whiteside, 475 US 157 (1986). See also, Rule 1.2(d) ARPC.

> (*d*) a lawyer shall not counsel a client to engage, or to assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

On January 25th, 2008, while civil rights litigation was still ongoing, with the Plaintiff, Defendants testified under oath via the submittal of its " *Response To Request For Admission Of Facts* statements, which were perjurious to the court proceedings, as a result, the making of false declarations under oath, is in violation of 18 U.S.C. section 1621. [see below ...United States v. Dunnigan]

*Disciplinary Proceedings...*

Due to Defendant David P. Durbin illegal activities, his alleged conduct violated:

> 3.3(a)(1) A lawyer shall not knowingly make a false statement of material fact or law to a tribunal;
>
> 3.3(a)(4) A lawyer shall not offer evidence known to be false;
>
> 3.4(b)    A lawyer shall not falsify evidence;
>
> 3.4(c)    A lawyer shall not knowingly disobey an obligation under the rules of a tribunal;
>
> 8.4(a)    Violation of the Rules of Professional conduct;
>
> 8.4(c)    Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
>
> 8.4(d)    Engaging in conduct prejudicial to the administration of justice, of the Rules of Professional Conduct.

On information and belief, Plaintiff seek the permanent disbarment of Defendant David P. Durbin. An appropriate action upon this case, considering the statements of the Defendants whose misconduct involves serious actions of fraud and perjury. Given to the fraudulent misconduct of Defendant Defendant actions in this civil proceeding, " Fraud Upon the Court " makes *__void__* the _Orders_ and _Judgements_ of that court.

Moreover, the crime of perjury causes potential injury to the entire legal profession, particularly when committed by attorneys who are sworn to uphold the law and who are officers of the court.

Plaintiff information and belief, is baseline also to those sanction for the Defendant David P. Durbin conduct is proper for disbarment. Asking of the court to express a finding of great weight, as applied to the mitigating factors mentioned hereto the above. In Furtherance!  Defendant David P. Durbin violated duties owed to the public, legal system, and as a professional. His steadfast refusal to acknowledge the wrongfulness of his conduct leads to inescapable conclusion that he should be permanently disbarred.

In recent court rulings: Michigan v. Lively (2004) ... the opinion says " person who knowingly lie under oath can be convicted of perjury, regardless of whether the matters they lied about were " material " to the cases in which they testified."

And that Plaintiff be assessed with all cost and expenses of any proceeding.

**Slander;**

On information and belief, Slander is a tort, or civil law, meaning a civil lawsuit

can be brought against someone who is accused of slander. Slander must clearly identify the party or entity, and the intent must be malicious.

Some types of slander, however, are considered " slanderous per se " and are automatically awarded special covering: economic loss... as held to the following:

* Alleging criminal behavior on the part of the Plaintiff before the court

Unto any defamation, Plaintiff is entitled to a jury award of money damages. And in some instances, the Plaintiff may also be awarded punitive damages for particularly reprehensible conduct. Here! the slander is a defamatory statement verbal to Defendant David P. Durbin. Further! Factual misrepresentation also are considered slander when filed in a _civil proceeding_, as material evidence. For slander is any defamation that is _spoken and heard_.

On information and belief, Plaintiff can recover damages in a slander suit, where he or she, can show evidence of the four elements governing the suit...that the Defendants conveyed a defamatory message; that the material was published, meaning that it was conveyed to someone other than the Plaintiff; that the Plaintiff could be identified as the person referred to in the defamatory material; and that the Plaintiff suffered some injury to his or her reputation as a result of the communication.

Pg 13

### *Evidence in this case of slander and defamation*:

Is seen, to the original sworn testimony, in a court of law, or deposition, signed and dated by witness and / or the alleged wronged party. Each person who reads and passes on slander from these documents is committing state and federal crimes.

### 42 U.S.C. section 1986 provides:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act *be* committed, shall be liable to the party injured... which such person by reasonable diligence could have prevented; and such damages may be recovered in action on the case; and any number of persons guilty of such wrongful neglect or refusal may be *joined* as Defendants in the action. For it is well cited! *knowledge of a sec. 1985 conspiracy, power to protect its victims, and neglect or refusal to protect *results in liability under sec. 1986.* sec. 1986 reaches more broadly than sec.1985, its predicate, by inculpating bystander Defendants who are not themselves conspirators under sec. 1985. It is unique among American Civil Rights statutes in creating liability when a Defendant has neither

Pg 14

personally committed a discriminatory act, engaged in a conspiracy to do so, nor acted with discriminatory intent. A negligent failure to protect by an actor with knowledge of a sec. 1985 conspiracy and power to protect its victims is _a_ctionable.

In the management of the Apartment Complex, Defendants were obligated to address any and all request from a tenant " Reasonable Accommodation " unto the Federal Notices: i.e. the Fair Housing Regulation ... 7 CFR section 3560.104.

In 2005 ... HUD and the Department of Justice (DOJ) issued a joint statement on reasonable accommodation under the Fair Housing Act that provides technical assistance to persons with disabilities and _h_ousing providers regarding their rights and _o_bligations under the Act regarding reasonable accommodation. Unto this matter... the _h_ousing provider Horning Brothers Corp. were negligent in their duties to have within its ' administrative operations ' a policy manual providing direct federal instructions to meet the _o_fficial letter ' **R**equest ' of the tenant.

On information and belief, enforcement of the civil rights statute ( i.e. The Fair Housing Act ) depends, in large measure, on the willingness of private Plaintiffs to pursue individual cases.

Pg 15

The Supreme Court has attached importance to each individual's prosecution of

**D**iscrimination under the statute:

> The objectives of the [ discrimination statutes ] are furthered when even a
> single [ individual ] establishes that [ another individual ] has discriminated
> against him or her. The disclosure through litigation of incidents and
> practices that violate national policies respecting nondiscrimination ...
> is itself important.
> *McKennon v. Nashville Banner Pub.*, 513 U.S. 352, 358  59 (1992)


With further respect to The  Fair Housing Act  in particular,  the  Supreme

Court cites:

> Since the enormity of the task of assuring fair housing makes the
> role of the [ United States ] Attorney General in the matter minimal,
> the main generating force must be private suits in which ... the complainants
> act not only on their own behalf but also "as private attorneys general in
> **v**indicating a policy that the congress considered to be of the highest
> priority."
> *Trafficante v. Metropolitan Lief Ins.*, 409 U.S. 205, 211 (1972)

The Courts also with noted  and  imposed  upon the statute another requirement...

" Legal Causation " unto the discrimination is ... **HARM**.


**Fraudulent Misconduct**

On  information  and  belief,  an  action  for fraudulent misconduct requires  proof  of

improper  intent  on  the  part  of  the Defendant. If  a law enforcement  or judicial

Pg 16

official ventures outside the bounds of official duties to instigate or continue a fraudulent activity, the official may be vulnerable to a fraudulent misconduct suit. Unto this matter a claim of fraudulent misconduct is a *t*ort action.

An *a*ction for malicious prosecution is appropriate only when the judicial system has been *m*isused. In most jurisdiction an action for fraud by counsel is governed by the *common law.* Many 'State Tort Laws' recognizes fraudulent misconduct as a cause of action.

Amongst unintentional torts one finds *n*egligence as being the most *common law*. It is a form of extra contractual liability THAT IS BASED UPON *F*AILURE TO COMPLY WITH THE DUTY OF CARE of a reasonable person, which failure is the actual cause and proximate cause of damages. That is but for the tortfeasor's act or omission, the damages were a reasonably *f*oreseeable consequence of the tortious conduct.

The most common federal *t*ort claim is the 42 U.S.C. sec. 1983 remedy for violation of one's civil rights under color of federal or state law.

Section 1983 " is not itself a source of substantive rights, " but merely provides " a method for vindicating federal rights elsewhere conferred. " *Baker v. McCollan,* 443 U.S. 137, 144, n. 3 (1979).

Pg 17

On information and belief, "*i*ntentional torts ' are those wrongs which the defendant knew or should have known would occur through their actions or inactions. *T*ort ~ " a civil wrong which can be redressed by awarding damages." *Smith v. United States*, 507 U.S. 197 ( 1993 ).

Torts is the common law field governing civil liability *not arising out of contract*. Moreover! The law of torts supplies background principles of causation, damages addressing the interpretation of many regulatory and statutory laws. A body of rights, obligations, and remedies that is applied by courts in civil proceedings to provide relief for persons who have suffered *HARM* from the *w*rongful acts of others. In common law, the usual standard is for courts to decide a case on the basis of a so-called balance of probabilities or *preponderance of the evidence*.

Three elements must be established in every *t*ort action. 1st the plaintiff must establish that the defendant was under a legal duty to act in a particular fashion. 2nd the plaintiff must demonstrate that the defendant breached this duty by failing to conform his or her behavior accordingly. And 3rd the plaintiff must prove that he suffered injury or loss as a direct result of the defendant's breach.

**Civil Conspiracy**

On information and belief, a civil conspiracy is an agreement between two or more

parties to deprive a third party of legal rights or deceive a third party to obtain a legal objective; such an agreement may be made orally or in writing or implied by the _conduct of the parties._

The tort of conspiracy requires there to be knowledge of the relevant circumstances. That as a precondition to corporate liability, it must be possible to attribute the relevant employee's knowledge to the corporation.

One legal approach is ... as a matter of _vicarious liability_, the acts and omissions must have been carried out in and during the course of the employment.

**Evidence Code Section 1220 - 1228.1**

On information and belief, ...1224 cites: When the liability obligation, or duty of a party to a civil action is based in whole or in part upon the liability, obligation, or duty of the declarant, or when the claim or right asserted by a party to a civil action is barred or diminished by a breach of duty by the declarant, _evidence of a statement_ made by the declarant is as admissible against the party as it would be if offered against the declarant in an action involving that liability, obligation, duty, or breach of duty.

_Declarant_, generally speaking, is anyone who composes and signs a statement or

declaration alleging that the information he has given therein is true... [ under " penalty of perjury. "] In theory, a declarant who knowingly does not tell the *t*ruth would be subject to the criminal charge of ***perjury***.

## CONSPIRACY AGAINST RIGHTS

The courts has held that a civil conspiracy is combination of two or more persons acting to accomplish an unlawful end or to accomplish a lawful end by unlawful means. When a dispute arises from this action... alleging a fraudulent conveyance of facts [ statements having a *o*vert participation ] unto the cause of action a movant party is within his or her legal rights suit. A movant party claims for civil conspiracy can be evidence to an actual civil wrong, which initiate the *i*ssues before the court. Issues central Title 18, U.S.C. Section 241 ~ Conspiracy Against Rights... and Title 18, U.S.C. Section 242 ~ Deprivation of Rights Under Color of Law.

The action of the movant party is ripen where the conspiracy arose upon the efforts of trying to enforce, as a matter of law, protected *r*ights owed. This protected right the cause of action governs the conspiracy, and is proper where it is linked to the damages and harm Further the movant party filing of direct

evidence is examine to the weight and credibility the non-movant party action.

[ Federal Rules of Evidence ... notes: Rule 104 Preliminary Question (e).
Weight and Credibility.  This rule does not limit the right of a party to
introduce before the *jury* evidence relevant to weight and credibility. ]

The cause of action has its sufficient standing given to the *o*ver act of
the non-movant party, whose *d*efined purpose was center to the denial and to
preventing of the movant party *r*ights to Constitutional and Statutory law owed
him /or her due to the request for " Reasonable Accommodation. " A conspiracy then
exist when measures were conspired to conceal the evidence via the filing of false
statement in a ongoing judicial proceeding.

Where the non-movant parties ( as shown by direct evidence ) had a willful
participation in the *c*onspiracy, which is weighted to their actions and conduct, as well
as, an intent to further the common purpose of this effects, *of the results* of such an
action is govern to a breach. A conspiracy exist and can be used [ as a ***cause of
action*** ], to further one's determining the amount of damages in a civil action
and the respective liabilities of each co non-movant party for payment of damages.

**Cause of action:**... arises from an act; a failure to perform a legal obligation, a
breach of duty, or a violation or invasion of a *r*ight.

*Federal Statutes In Questions*

Title 18, U.S.C. Section 241    Conspiracy Against Rights

This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him / her by the Constitution or the laws of the United States, ( or because of his / her having exercised the same).

Title 18, U.S.C. Section 242    Deprivation of Rights Under Color of Law

This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and Law of the U.S.

## OVERVIEW

This Case first is brought into judicial review upon a decision, as place to the Complaint filed with the government; the Department of Housing and Urban Development [ **HUD** ] which was appointed by Congress to determine whether a complaint filed by a private citizen, seeking the protective rights of the Fair Housing Act were duly addressed and engaged in accordance to statutory law. That a 'Housing Provider' conduct was in discriminatory actions, in their relationship to a oversee a duty of care held as governed to the **Act** in question.

Pg 22

And! whether this was a *d*isability discrimination, as based to statutory law. To be successful, the material evidence and the investigation officer *r*emarks and results here ... will carry great weight, having them 'direct evidence status.'

Unto the law! The *l*anguage of the Fair Housing Act and its regulations are clear and unambiguous. Noting:

> a) Despite the clear language of this Act; Defendants chose a path *w*hich denied, prevented, and barred... the application of Rules unequally and inconsistently to those seeking ' reasonable accommodation ';
>
> *w*hich does not ...carefully prohibit discrimination against the disable;
>
> *w*hich reveals ...that the leasing agent or managers were not fully trained unto those 'effective communication skills' to do their work, when reviewed to the Fair Housing Act.

*E*ach relying upon facts not set in law by the Statute. And Defendant's *n*ever sought any clarification for this government program / initiative to properly render the appropriate response due, the plaintiff "Request." Not to devoid and bar Plaintiff legal recognition and significant benefits held to the law. Imposing stringent actions whose consequences now lead to the filed lawsuit Defendants can not *o*pt out of any statutory controls, and where such is seen liability is proper. Title VIII of the Civil Rights Act of 1968 is Pub. L. 90-284, 82 stat. 81 as amended,

Pg 23

42 U.S.C. section 3601 et seq., allows ' Housing Providers ' to administer the Regulatory Language held to this Act. **HUD** regulations implementing the Fair Housing Act are 24 C.F.R. Parts 100 through 125.

Defining:

1) Protected Categories of People. The statute makes it unlawful to discriminate because of race, color, religion, sex, familial status, national origin or handicap. 42 U.S.C. sec.3604(a),(f). The words 'Disability' and 'handicap' are used interchangeably.

2) Discrimination on the basis of handicap includes _r_efusal to make ' _reasonable accommodation_ ' in rules, policies, practice or services. Sec. 3604(f)(3)(B).

3) Relief available. Section 3613 authorizes a court to award actual damages, equitable relief, and, to a prevailing party, a reasonable attorney's fee and costs.

Compliance with The Fair Housing Act is _m_andatory; in every state of of the Union. _S_ection 1985(3) creates a **" cause of action"** ... for the purpose of depriving one of this right; to the _b_enefits of the Fair Housing Act.

A _s_ec. 1985(3) claim requires proof of conspiracy between " two or more persons. " A conspiracy, for these purpose, need not to be shown by proof of an explicit agreement but can be established by showing that the " parties have a _t_acit understanding to carry out the _p_rohibited conduct." _United States v. Rubin_

Pg 24

844 F.2d 979, 984 (2nd Cir. 1988). Also noting: _Snell v. Tunnell_, 920 F.2d 673, 702

(10th Cir. 1990) [ conspiracy may be established by showing that "participants in the

conspiracy... share the general conspiratorial objective"].

Def. **Tacit**: silent, saying nothing... implied ( as by an act or by silence ) rather than

expressed.

Having received the request for ' reasonable accommodation ' both Defendants

Veda S. Brinkley and Connie Fletcher were concurrently tacit, lending to the

prohibiting of the Plaintiff rights, beneficial to his needs which are mandated by

law [ as held to the Fair Housing Act ]. A concurrent negligence arises where

the same injury is proximately caused by the concurrent wrongful acts or

omissions of two or more persons acting independently. " When a defendant's

negligence is a concurring cause, the law regards it as a _legal cause regardless_ of

the extent to which it contribute to that injury." _Bonanno v. Central Contra Costa_

_Transit Authority_, 107 Cal. Rptr. 2d 916.

Where the wrongful action and or conduct is continuing, time limitation is

removed.

*Statute Time Limitation*

The Statute of limitations for section 1983 violations is two years. Browning v. Pendelton, 869 F.2d 989, 992 ( 6th Cir. 1989). However, if a violation is continuing, the statute of limitations poses **_n_**o bar. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003).

A violation is continuing if: (1) the defendants' wrongful conduct continues; (2) the injuries to the plaintiffs continue to accrue; and (3) further injuries to the plaintiffs were avoidable if the defendants had at any time ceased their wrongful conduct. Tolbert v. State of Ohio Dept. of Transp. 172 F.3d 934, 940 (6th Cir. 1999).

## BASED ON THE FOREGOING FINDINGS OF FACT

Plaintiff _C_omplaint can be sustained unto its ' Relief '; direct evidence held to the

ORH/HUD ' Determination Letter ' corroborates his prosecution claims. And that...

the exhibits attached, too! Addresses the legal opinions _e_lements of Plaintiff claims

against all the Defendants as held to his request for '**Reasonable Accommodation**'.

### Legal citing:

A housing provider's duty reasonably to accommodate a person with a disability _a_rises when the provider become's aware of the person's disability and the disabled person makes a request for reasonable accommodation.     _Jankowski Lee & Assoc. V. Cisneros_ 91 F.3d 891 (7th Cir. 1996)

On information and belief, 18 U.S.C. 1621 *o*utlaws presenting material false statements under oath in federal official proceedings [ the presenting of a ... **_Response to Request for Admission of Facts_** has standing to this *m*aterial *e*vidence ]. Subordination of Perjury ( 18 U.S.C. 1622 )... outlaws procuring or inducing another to commit perjury: Perjury under section 1621 will support a conviction for subornation under section 1622.

_United States v. Dunnigan_ to describe the elements of section 1621: " a witness testifying under oath or affirmation violates this section if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."

Further! 8 U.S.C. 1001, outlaws false statements, concealment, or false documentation in *a*ny matter within the jurisdiction of any of the three branches of the federal government.

_U_nited States v. Blackwell, 459 F.3d 739, 761 (6th Cir. 2006) "Section 1001 of title 18 prohibits any person from (1) 'knowingly and wilfully'; (2) 'making any material false, fictitious, or fraudulent statement or representation'; (3) 'in any matter within

the jurisdiction of the executive, legislative, or judicial branch of the government of the United States' "

On information and belief, " when a member of the bar is convicted of an offense involving *moral turpitude*, *d*isbarment is *m*andatory; held to the ruling of the **U.S. Court of Appeals for The District of Columbia Circuit**, the judge wrote." This court has held that obstruction of justice and *p*erjury are crimes of *moral turpitude* per se.

*Obstruction of Justice* is defined to occur when a person corruptly endeavors to influence, obstruct, or impede the due administration of justice in any federal court 18 U.S.C. sec 1503(a).

A perjurious witness can also be guilty of obstruction of justice if his testimony is evasive or false by deliberately concealing knowledge and block the flow of truth information. *United States v. Griffin*, 589 F.2d 200 (5th Cir.) cert. denied, 444 U.S. 825 (1979).

...

*N*oting further: ...conspiracy to commit any of the following offenses ( perjury, subornation of perjury, witness tampering, or obstruction of justice ) itself constitutes the additional criminal offenses of conspiracy... *18 U.S.C. sec 371.*.

Pg 28

Defendants' identified hereto have participated with each other, in the claim's alleged in this Complaint. The encapsulated bracket's ... **[ ]**, give evidence to the incorporation of 'material facts' _grounded in federal law upon this case._

Citing:    **[** N.M. 1993    " Material " evidence is evidence that relates to matter in dispute or has reasonable bearing on issue to be decided in given case. _Matter of Arbitration Between Town of Silver City and Silver City Police Officers Ass'n_, 857, P.2d 28, 115 N.M. 628. **]**

## FIRST CLAIM FOR RELIEF

### [ Conspiracy to Interfere With Civil Rights ... 42 U.S.C. section 1985(3) ]

**[** Section 1985(3) is designed to remedy conspiracy, based on class-based discriminatory animus, that deprive victims of their constitutional rights. _Jenkins v. Arcade Bldg. Maintenance_, 44 F. Supp.2d 524, 531 - 32 (S.D.N.Y. - 1999). **]**

**[** 42 U.S.C. sec. 3617    A defendant may be found liable for violating Section 3617 without being found liable for any other violation of the FHAA. _Fowler v. Borough of Westville_, 97 F.Supp. 2d 602, 613 n. 7 (D.N.J. 2000) **]**

**[** N.D.N.Y. 2000 In the Second Circuit, personal involvement of defendants in the alleged constitutional deprivation is a prerequisite to an award of damages under sec. 1983. 42 U.S.C.A. s 1983. _Rivers v. O'Brien_, 83 F.Supp.2d 328 **]**

## SECOND CLAIM FOR RELIEF

**[ Fraud, Obstruction of Justice ]**

/ " Where a lawyer engages in a conspiracy to commit a fraud upon the court by the production of fabricated evidence and by such means obtains a judgement then the enforcement of the judgement becomes manifestly unconscionable' and a court of equity may *d*evitalize the judgement." *I*d at 288 *Sutter v. Easterly (Mo.)* 189 SW2d 284. /

/ Tenn.Ct.App. 1999 Professional are judged according to the standard of care required by their profession. *Jenning v. Case*, 10 S.W. 3d 625, appeal denied. /

/ An attorney commits *o*bstruction of justice by having his client - witness knowingly testify falsely on material subjects. *United States v. Root*, 366 F.2d 377 (9th Cir. 1966) cert. denied, 386 U.S. 912 (1967) /

/ " The preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in the mind the belief that what is sought to be prove is morely true that not true." Sanders, supra sec 9:5 Quantum of Evidence In Civil Cases (1994). (citing *Frazier v. Frazier*, 228 S.C. 149, 89 S.E. 2d 225 (1955) /

/ Federal Rule of Evidence 404(b) provides... " Other crimes, wrongs, or acts - [Chief Justice Rehnquist delivered ] evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, *k*nowledge, identity, or absence of mistake or accident. *United States v. Ebens*, 800 F.2d 1422 (CA6). /

## THIRD CLAIM FOR RELIEF

**[ Deliberate Indifferent ]**

/ Ga.App. 1999 Violation of a statute constitutes negligence per se if the injured person falls within the class of persons intended to be protected by

Pg 30

the statute and the harm complained of was the harm the statute was intended to guard against. *Childers v. Monson*, 524 S.E. 2d 326, 241 Ga. App. 70, reconsideration denied. /

/ D.C. 2000 In order to prevail on a claim of negligence, the plaintiff must establish that the defendant *o*wed him a duty of care, that the defendant breached that duty, and that the plaintiff sustained harm as a proximate result of the defendant's breach. *Souci v. William C. Smith & Co.*, 763 A.2d 96. /

## FOURTH CLAIM FOR RELIEF

### [ Defamation ~ Slander Per Se; Perjury ]

/ U.S. 2000 As general principle of evidence law, fact finder is entitled to consider a party's *d*ishonesty about a material fact as affirmative of guilt. *Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097* /

/ " [D]amages for emotional distress are recoverable under our civil rights statute." *Hy-Vee Food Stores, Inc. v. Iowa Civil Rights Commission*, 453 N.W. 2d 512, 525 (Iowa 1990) A victim of discrimination is to receive " a remedy for his or her complete injury." including damages for emotion distress. Id @ 525 - 26. /

/ Among the forms of emotion distress which may be compensated are " anger ", " upset ', "hurt " – *Kentucky Commission of Human Rights v. Fraser*, 625 S.W. 2d 852, 856 (Ky. 1981). /

## FIFTH CLAIM FOR RELIEF

### [ 42 U.S.C. section 1988; Claim For Reasonable Costs, Disbursements, and Attorney fees in Bringing Actions under 42 U.S.C. sections 1983, 1985, and 1986]

/ "[C]onventional rules of civil litigation... parties... need only prove their case by a preponderance of the evidence " and that "[e]xception to this

Pg 31

standard are uncommon." _Price Waterhouse v. Hopklins_, 490 U.S. 228, 253 (1989) /

/ Where the evidence for a prima facie case consists of direct evidence, defendants " cannot rebut this type of showing of discrimination ... simply by articulating or producing evidence of legitimate, nondiscriminatory reasons..." _Blalock v. Metals Trades, Inc._, 775 F.2d 703, 711 (6th Cir. 1985) /

## STANDARDS OF REVIEW

**... the court citing:** The court " _m_ust accept as true all of the _f_actual allegation contained in the _c_omplaint." _Swierkiewicz v. Sorema_, N.A. 534 U.S. 506, 508 n.1 (200_2_).

**Blacks Law Dictionary**, Sixth Edition id. 457 defines ... " Fraud on Court " as:

" [ Fraud on Court ] consists of _c_onduct so egregious that it undermines the integrity of the judicial progress."

[_I_]n _Hazel - Alas Glass v. Hartford Empire Co._ 322 U.S. 238 64 S.Ct. 997, 1000, 88 L Ed 1250 the United States Supreme Court held that fraud can not be complacently tolerated with the good order of society and that the courts should take an _a_ctive role to preserve the integrity of the judicial process.

Pg 32

**Fraudulent Misconduct...** is a common law intentional tort; tort law creates and provides remedies for, _civil wrongs_ that do not arise out of contracted duties.

*Tort* ... a few major areas of _tort litigation_ are:
* defamation ( e.g. libel, or slander )
* intentional wrongs against a person: intentional infliction of emotional distress
* dignity harms against a person, such as ... civil rights violations e.g. 42 U.S.C. sec. 1983

Tort Law empowers injured parties to call the harm - causing defendants to court and to require them to justify themselves and defend their actions. Tort lawsuit cannot be ignored without consequences. The defendants must listen and respond.

...

/ A corporation can be held liable for a tort just as a natural person can. _Travelers Indem. Co. v. Bloomington Steel & Supply Co._ 718 N.W. 2d 888. ( L.A. 2006 ) /

/ A torteasor must compensate a tort victim for all of the damages occasioned by his act. LSA - C.C. art. 2315. - _McGee v. A.C. and S, Inc._, 933 So.2d 770, 2005-1036 ( La. 7/10/06 ). /

/ Tortious conduct arises from a breach of a duty imposed by law, not by contract. – Adams ex rel. _Adams v. City of Westminster_, 140 P.3d 8 certiorari denied. ( Colo. App. 2005 ) /

Pg 33

## PRELIMINARY ANALYSIS

This case is about three issues, 1) failure of several defendants to act in the face of clear and direct statutory and constitutional mandates to protect the equal rights of a person; 2) defendants knowingly having recklessly and with malicious intent, repeatedly engaged in defamatory conduct against plaintiff in a legal forum; and 3) defendant have shown an absolute disdain for ethics, honesty, and the Rules of Professional Conduct.

At several times relevant to this cases: ... Plaintiff will demonstrate before a jury a) the defendants had actual knowledge of the sec 1985(3) conspiracy;  b) the defendants had the power to prevent or aid in preventing the commission of the sec.1985(3) violation; c) a wrongful act was committed by the conspirators.

That! Statutory negligence is the failure to conform one's conduct to a duty imposed by the legislature through the enactment of a statute. By enacting such a law, the legislature has determined the appropriate standard of care to which an individual's conduct must conform. Conduct that violates the requirements of such statute constitutes *evidence of negligence*.

To solidify the belief upon corrupt activities (attempted intimidation, attempted obstruction of justice, and attempted tampering) and its cover-up, the authorities hereto shall be set forth at trial. The factual allegations made by Plaintiff is rested upon the receipt of a '***Cure Notice***,' and the action and conduct of the Defendants: Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher; whether their denial of the request for "Reasonable Accommodation" violated any federal law and or statute. The *Cure Notice* submitted to the Plaintiff was placed as a ***holdover action*** where the landlord wants to evict for reasons other than nonpayment of rent. Unto this eviction action Plaintiff has legal authority to address this issue in accordance to federal law.

The submittal of the cure notice had *no legal standing of the law*, but! for the "intimidation and threaten" actions given to its delivery to the Plaintiff. The court citing unto this matter: " When a landlord knowingly accepts rent from a tenant with knowledge of an alleged breach of the tenant's lease over an extended period. The landlord has been held to have waived its rights to object to the breach [ *Rubin v. Glasner* Aug. 2nd, 2002 ]." The period of time upon this matter is five (5) years. Plaintiff *response* is managed by HUD Policies as held to the ***Fair Housing Act***.

Pg 35

Wherefore the Plaintiff 'Request' [ reasonable accommodation ] is center upon an assignment of a *15th of the month rental payment date*; the government has cited in a similar case...

### United States v. ADI Management, Inc. et. al. (E.D.N.Y.)

The government issued a determination of reasonable cause and charge of discrimination upon the Defendants, with engaging in discriminatory housing practices, in violation of the Fair Housing Act, Defendants, through their actions refused to make reasonable accommodation in their rules, policies, practices or services, when such an accommodation was necessary to afford the tenant equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. 3604(f). As a result of Defendants' conduct the tenant suffered damages, that the Defendant's discriminatory actions were intentional, willful and taken in disregard of the tenant rights Thereto the Government declares Defendants' discriminatory housing practices, violated the Fair Housing Act, as amended, 42 U.S.C. ss 3601-3619. That awards for damages are willfully compensated for injuries caused by Defendants' discriminatory conduct, pursuant to 42 U.S.C. ss 3612(a)(3), 3613(c)(1), and award punitive damages to the tenant pursuant to 42 U.S.C. 3612(a)(3), 3613(c)(1). See again *e*xhibit *A*...

...

On information and belief, the mentioned case laws - has legal principles that are enunciated and embodied in its judicial decisions, *e*ach were derived from the application of a particular area of the law; constitutional and statutory law. Acknowledging the legislative status held to: Title 42 U.S.C. sec. 1983, 1985(3), 1986, and Fair Housing Act. Each proscribing certain conduct by demanding or prohibiting something or that declare the legality of particular actions.

Pg 36

Since the U.S. legal system has a common - law system, higher court decisions are binding on lower courts in cases with *substantial similar facts* that raises similar issues. [T]hat the concept of *precedent* means to follow or adhere to previously decided cases in judging the case at bar. Here it is clear and convincing that the defendants' actions, raised to this case, seeded an illegal action *i*t managing the *claims violations* filed to this complaint; to be ignored as cited by the *Upper Courts* upon *substantial similar facts*.

*[* " An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Sallee v. State*, 777 N.E.2d 1204, 1210 (Ind. Ct. App. 2002) Id. *]*

...

*H*aving the legal rights to pursuit a legal cause of action given to *d*iscrimination and as placed to his *d*isability; the **OHR/HUD** letter concurred this material fact. The Defendants: Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher virtually ignored the entire and well-establish body of laws raised by the Plaintiff request for 'Reasonable Accommodation.' Plaintiff meets the grouping of people to which a protection of law is due. That the Defendants' actions [ *o*mission's ] is supportive of his claim of *n*egligence [ fraud ].

Pg 37

The ramification of this lack of integrity of federal law is cited: *a*) holding that *omission by silent* may constitute the supplying of false information for purposes of fraudulent misrepresentation. *Binette v. Dyer Library Ass'n*. 688 A.2d 898, 903 (Me. 1996). *b*) An attorney's deliberate use of false testimony or falsified evidence in a judicial proceeding is antithetical to the oath, the standards, and the ideals of the legal profession. *Lamont* 1997 N.D. 63, 19, 561 N.W. 2d 650; *Kaiser* 848 N.W. 2d at 109. Under *State* and *U.S. Laws*, when any officer of the court has committed " *Fraud Upon the Court*", the orders and judgement of that court are *void*, of any legal force and effect. " The court has broadly defined fraud as any conduct calculated to deceive, whether it be by direct falsehood or by innuendo, by speech or silence, by word of mouth, by look, or by gesture. Fraud includes the suppression of the truth, as well as the presentation of false information. *In re Witt* (1991) 145 Ill. 2d 380, 583 N.E. 2d 526, 531, 164 Ill. Dec. 610. " *The People of the State Illinois v. Fred E. Sterling*, 357 Ill. 354; 192 N.E. 229 (1934)    " The maxim that fraud vitiates every transaction into which it enters applies to judgement as well as to contracts and other transactions. "

On information and belief, unto this judgement... the court cites: "When any

Pg 38

court violates the clean and unambiguous language of the constitution, a fraud is perpetrated and no one is bound to obey it. "*State v. Sutton*, 63 Min.147 65 N.W. 262 30 ALR 660; see also *Watson v. Memphis*, 315 US 526; 10 L Ed 529; 83 S.Ct. 1314. After this forethought! The Civil Rights Act of 1971 was enacted by Congress on April 20, 1971, *n*oting: The basic words " *E*very person and all persons " were well considered and used to intentionally include any *J*udge that " knowingly and willfully deprived any person of his Constitutional Rights under color of law."

*F*urther Knowing!!! " When a *J*udge acts intentionally and knowingly to deprive a person of his Constitutional Rights he exercise *n*o discretion or individual judgement; he acts no longer as a *J*udge, but as a ' minister ' of his own prejudices." Pierson v. Ray, 386 U.S. 547, 567. (1967). " *J*udges may be punished criminally for willful deprivation of *r*ights on the strength of *T*itle 18 U.S.A. and 242. " *Imbler v. Pachtman*, 424 U.S. 409; 96 S.Ct. 984 (1976). Title 18 U.S.C.A. 241, 242 are the criminal equivalent of *T*itle 42 U.S.C.A. 1983 , 1985 et. seq. " *J*udges have *n*o immunity from prosecution for their judicial acts." *Bradley v. Fisher*, U.S. 13 Wall. (1871).

**42 U.S.C. section (2) provides**:

Pg 39

If two or more persons in any state or territory conspire to _d_eter, by force, intimidation, or threat, any party or witness in any court of the United States from... testifying to any matter pending therein, freely, fully, and truthfully...; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any mattes the due course of justice in any state or territory, with intent to deny to any citizen the equal protection of the laws... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the _c_onspirators. " the language and legislative history of sec. 1985(3) establish that it requires 'some racial, or perhaps otherwise class-based, invidiously animus behind the conspirators' action.' _Griffin_, supra, at 403 U.S. 102. Pp 453 U.S. 834 - 835." Further thereto .. _Griffin v. Breckenridge_, 403 U.S. 88 ... upheld the application of sec. 1985(3) to purely private conspiracies aimed at interfering with _r_ights constitutionally protected against private encroachment.

/ " Plaintiff need allege 'only enough facts to state a claim to relief that is plausible on its face.' _Towombly_, 127 S.Ct. at 1974. " /

/ ...persons who knowingly lie under oath can be convicted of perjury, regardless of whether the matters they lied about were " material " to the cases in which they testified. _Michigan v. Lively_ (200_4_). /

Pg 40

/ While defamation need not be plead in haec verba, a pleading is only sufficient if it adequately identifies " the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated."   Broome v . Biondi, No. 96 Civ. 0805, 1997 WL 83295 at 2 (S.D.N.Y. Feb. 10, 1997 ). /

/ Defendants may  not prevail on the motion for judgement on the pleadings if plaintiff's pleading contain allegations that would permit recovery if proven. *Thayer v. Herdt*, 155 Vt. At 456, 586 A.2d at 1126. / ' ... a *d*evitalization issue'

/ a party needs to show only one of the statutory circumstances, i.e. fraud, or malice, or willful or wanton conduct, to recover punitive damages from a corporation. West's N.C.G.S.A. sec. 1d - 15(a). -   *Scarborough  v.  Dillard's* Inc., 632 S.E. 2d 800 ( N.C. App. 200*6* ) /

**Further!**  Unto this case... " *W*rongful" here - implies:  Attempting to unjustifiably

accomplish  some   ulterior or  collateral  purpose  other  than   resolving  the

subject  controversy  on  its  *m*erits

## FACTUAL ALLEGATION

Pursuant  to  the  Plaintiff's  ' Reasonable  Accommodation '  request... Defendant's

Horning  Brothers  Corporation,  Veda  S.  Brinkley  and  Connie  Fletcher  *i*nterfered

with Plaintiffs' rights,  on  account  of  his  *d*isability; in his exercising of federal rights

protected  by  the  Fair  Housing  Act, in  violation  of  42  U.S.C. 3617.

*W*herefore  the  Plaintiff  receives  *disability checks*; as  a  sole  source  of  income  to

provide for his immediate care .. e.g. rent, food, lights, water, hospital visits and medicines. This 'fixed income vehicle' is linked to his disability, by federal law as a safety net [a legislative act of Congress ] to prevent certain members of society from falling unto the harsh elements of full poverty.

While poverty does not have a single root cause nor a simple, single solution, poverty is label to a detrimental economic condition that threatens a household's ability to regularly meet *essential household needs*. One such circumstance is when a property is occupied by a person who has a disability that is substantial and permanent [ the receipt of SSDI ] then a waiver in the rental requirements with a reduction of monthly payment is reasonable.

Where the federal law establishes families in public housing and who have section 8 subsidies generally pay 30 percent of their gross income in rent, with minor income adjustments. Any party being disable in receivership of a SSDI check, would be too! within federal rights, in seeking a waiver and adjustment to rental policy. " Persons who meet the definition of disability for purposes of receiving Supplement Security Income ( "SSI") or Social Security Disability Insurance ("SSDI") benefits in most cases meet the definition of disability under the Fair Housing Act, although the converse may not be true." *Cleveland v. Policy Management Systems Corp.*,

Pg 42

526 U.S. 795, 797 ( 1999 ).

Under this ruling, the court found further, that a request by a disable person receiving SSDI for a waiver of a landlord's rule was a *reasonable accommodation* because the disability of the tenant precluded him from being able to work and meet the rental income requirement. The courts have held that the Fair Housing Act [FHA] requires apartment owners to individually assess the *p*ractical impact created by a disabled tenant situation [ rental income ], where a tenants is disabled and unable to work. Unto this case! a direct link existed between a disability and the inability to comply with the landlord's rental requirements. That the *r*ights of the tenant is a 'protection right' where the public safety statute is *m*andated by law. "A violation of a statute is prima facie evidence of negligent. When a statute imposes a duty on a person for the protection of others it is a public statute and a violation of such a statute is *prima facie evidence* of negligence unless the statute says otherwise." - Id. *Shaffer v. Acme Limestone Co., Inc.* 524 S.E. 2d 688 *F*urther! The Supreme Court *c*ited: "Accommodations may adjust for the practical impact of a disability, not only for the immediate manifestations of the physical or mental impairment giving rise to the disability." *US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002).

It is *i*mpractical for a "landlord " to ask a tenant whom is disable and receiving
Pg 43

SSDI income to apply fully this monthly public safety payment to his rental requirements, _w_here his disability checks are a _sole source_ " _f_ixed income vehicle " used to address his _i_mmediate living and health care needs.

**_Federal Law States_** ( in violation ): " When a neutral policy's adverse effect on disabled persons is attributable to financial limitations faced by disabled persons in securing housing, the FHA may require an exception to the policy as a reasonable accommodation."   ...    _Geibeler    v.   M & B Assoc._, 343 F.3d 1143 ( 9th Cir. 2003).   In addition !  Disparate Impact _V_iolation ... exist when a housing provider does not consider ( being _s_ilent ) financial policies,  that are in need to grant reasonable accommodation, which  failure will violate the FHA under a Disparate Impact Theory.

A disparate impact theory, is  applied with respect to policies that have a disproportion impact on people of  a certain race and / or sex receiving government financial assistance; and has been applied to financial policies that have a disparate impact on  individuals  with disabilities  who  may statistically be more likely to be on _f_ixed  incomes ( SSI, SSDI, etc.)


**_In Civil Action_**: S.D. 2000 One who initial civil proceedings against another has probable cause for so doing if he reasonably believes in the existence of the facts upon  which his claim is based,  and  reasonably believes that under such facts

the claim may be valid at common law or under existing statute. *Manuel v. Wilka*, 610 N.W. 2d 158, 2000 SD 61. *H*ere! *The Doctrine of Culpable negligence* is in issue...[ *F* ]ailure to exercise that degree of care rendered appropriate by the particular circumstances, and which a man of ordinary prudence in the same situation and with equal experience would not have omitted. *A*dditionally !!! " One who undertakes to render services to another, even absent contract, may be found liable in *t*ort for negligent performing or failing to perform services gratuitously assumed." *Dawson v. Bunker Hill Plaza Associates*, 673 A.2d 847, 289 N.J. Super. 309, certification denied 683 A.2d 1164, 146 N.J. 569.

Did the Defendants: Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher actions and conduct follow the law, as held to the Fair Housing Act; ' gratuitously assumed ' to be a standard policy for Housing Providers. *W*here gratuitous undertakings are viewed ..." if one gratuitously undertakes a duty, and the Plaintiff reliefs on that duty, and the Defendant fails, to perform to the duty or acts negligent, the Defendant can be held liable. " ( Erie RR v. Steward ).

**FINALLY**

" *Civil Rights* " Are the _r_ights of personal liberty guaranteed to every U.S. citizen, regardless of race, religion, sex, age or _d_isabilities. The underlying principle is that no one should be _p_unished for the circumstances into which they were born.

### Reference Ending - Point

_O_nce a _j_urisdiction [ the **District of Columbia** ] has obtain a " _substantially equivalent_ " to the fair housing law, it can become a certified participant as a Fair Housing Assistance Program ( **FHAP** ) Agency and _receive funds_ for investigating and conciliating fair housing complaints or a Fair Housing Initiatives Program ( **FHIP** ) Agency and _receive funds_ for education, promoting fair housing, and _investigating allegations_. Then, the jurisdiction must also adopt a law that HUD concludes is _substantially equivalent_ in order to participate in a FHAP program. This local law must contain the seven protected classes - race, color, national origin, sex, religion, handicap, and familial status - and must have _substantially equivalent violations_, _remedies_, _investigative processes_, and _enforcement powers_. This action is filed to bring about this **ENFORCEMENT POWER** unto the plaintiff constitutional and statutory _r_ights.

Pg 46

Plaintiff is asking: that! the process for investigation and conciliating of complaints must mirror *HUD's*. The jurisdiction too! must provide unto the law enforcement for aggrieved citizens its choice of action. This can be through an administrative hearing process, or a suit on the behalf of the aggrieved complainant in Federal Court. This action is being sought [ a filing in Federal Court ] by the Plaintiff. **Which has been request by the Plaintiff of this Lawsuit.**

## FIRST CLAIM FOR RELIEF

**[ Violation of Federal Law... 42 U.S.C. section 1983, 1985(3) and 1986 ]**

Supportive rulings:

"N.J. Super.A.D. 2000.  Municipal bodies have no powers other than those granted by the Legislature, and must perform their prescribed activities within the statutory ambit. " *Kress  v. LaVilla, 762 A.2d 682, 335 N.J Super. 400*

"N.D.N.Y. 2001. Municipal policy, upon which sec.1983 liability may be based, may be imposed for single decision by municipal official who has final policymaking authority." 42 U.S.C.A. sec. 1983  *LaGrange v. Ryan, 142 F.Supp. 2d 287.*

"E.D.Ky. 2000  In a sec.1983  case brought against a defendant in his official capacity, the government entity is liable under sec. 1983 only when the entity itself is a "moving force" behind the deprivation; thus, in an official-capacity suit, the entity's policy or custom must have played  a part in *violation of federal law*." 42 U.S.C.A. sec.1983  *American Civil Liberties Union of  Kentucky v. Pulaski County, Ky 96 F.Supp. 2d 691.*

## SECOND CLAIM FOR RELIEF

**[ Negligence ]**

Supportive rulings:

"Ga.App. 1999 Violation of a statute constitutes negligence per se if the injured person falls within the class of persons intended to be protected by the statute and the harm complained of was the harm the statute was intended to guard against." *Childers v. Monson*, 524 S.E. 2d 326, 241 Ga.App. 70, reconsideration denied.

"W.Va 1999 A violation of a statute is _prima_ _f_acie evidence of negligence. *Shaffer v. Acme Limestone Co., Inc.* 524 S.E. 2d 688.

Cal.App.6 Dist. 2007   The elements of a cause of action for negligence are (1) a legal duty to use due care, (2) a breach of such legal duty, and (3) the breach as the proximate or legal cause of the resulting injury. – Truong v. Nguyen, 67 Cal. Rptr 3d 675, 156 Cal.App. 4th 865,

## THIRD CLAIM FOR RELIEF

**[ Deliberate Indifference to Federal Rights ]**

Supportive Rulings:

" Fla. App. 2 Dist. 2007   A local government cannot forbid what the legislature has expressly licensed, authorized., or required, nor may it authorize what the legislature has expressly forbidden. Browning v. Sarasota Alliance for Fair Elections, Inc. 968 So.2d 637.

"D.N.J. 2000 In civil rights suits, municipality may be held liable for not having in place a policy that is necessary to safeguard the rights of its citizens, or for failure to act where _i_naction amounts to deliberate indifference to the rights of persons affected." 42 U.S.C.A. sec. 1983 - Id.... Const.Amend. 8;  *Andrews v. Camden County*, 95 F.Supp.2d 217.

"A municipality may be liable under sec. 1983 for failure to train its employees when that failure can be shown to be _d_eliberate indifference to the rights of others ." 42 U.S.C.A. sec. 1983 - Id. ... *Yellow Horse v. Pennington County*, 225 F.3d 923

" E.D.N.Y. 2001 City may be liable under sec. 1983 if plaintiff can show that executing official policy caused plaintiff to be subjected to denial of constitutional rights. " 42 U.S.C.A. sec. 1983    *Khan v. Ryan*, 145 F.Supp.2d 280

"D.Nev. 2001 Under sec.1983, a municipality may be held liable for the execution of a government policy or custom made by those whose edicts or acts may fairly be said to represent official policy." 42 U.S.C.A sec. 1983. *Segier v. Clark County* 142 F.Supp.2d 1264.

## FOURTH CLAIM FOR RELIEF

### [ 42 U.S.C. sec. 1988; Claim For Reasonable Costs, Disbursements, and Attorney fees in bringing Actions under 42 U.S.C. sec. 1983, 1985, and 1986 ]

Supportive Rulings:

" C.A.D.C. 1997 *P*unitive damages for violations of federal law are available where a civil rights defendant's conduct is motivated by evil motive or intent, or when it involves reckless or callous indifference to federally protected rights of others." *Samaritan Inns, Inc. v. District of Columbia*, 114 F.3d 1227, 325 U.S. App. D.C. 19, rehearing denied.

" W.D.Va. 1998    There are no presumed damages in Section 1983 cases; compensatory damages may be recovered only for any actual harms caused by violation, including *e*conomic loss, physical injury, or *e*motional distress, and not violation standing alone. 42 U.S.C.A. sec. 1983    *Cooper v. Lee County Bd. of Sup'rs*, 7 F.Supp.2d 780, reversed 188 F.3d 501.

...

On information and belief, the *FAIR HOUSING ASSISTANCE PROGRAMS*

[ **FHAP** ] assists state and local agencies [ ***OHR*** ] that administer fair housing laws.

Nature of Program: Assists state and local agencies that administer fair housing laws certified by **HUD** as " *substantially equivalent* " to the Fair Housing Act or Title VIII of the Civil Rights Act of 1968. This assistance includes support for complaint processing, training, technical assistance [**TA**], data and information systems and other fair housing projects.

*[* **TA** to the City of Washington DC was: in the area of ... Home ~ $70,000.00, CHDO ~ $ 80,000.00 and the Homeless ~ $ 50,000.00... *n*ot adjusted. *]*

The **FAIR    HOUSING    INITIATIVES    PROGRAM**    [**FHIP** ] ...    increases compliance with the Fair Housing Act and *substantially equivalent* state and local fair housing laws.

Nature of Program: Provides "*f*unding " to qualified Fair Housing Enforcement Organizations (QFHOs), Fair Housing Enforcement Organization (FHOs), public and private for - profit and not - profit entities, state or local governments [ OHR ], and fair housing assistance program agencies, formulating or carrying out programs to prevent or eliminate discriminatory housing practices housing practices. *F*unds enable the recipients to carry out services designed to inform the public about rights and obligations under federal, state, or local laws prohibiting housing discrimination, and *to enforce those rights* .

Pg 50

*NOW COMES* this *l*awsuits to bring about, the *e*nforcement of federal rights owed the Plaintiff. It is the Plaintiff belief that the " Assistant Secretary of Housing and Equal Opportunity " must be brought unto this *r*eview; any "*i*naction" governed to a : *Certification of Substantially Equivalent Agencies* *w*hom has an authority to *a*nalyze the 'Fair Housing Laws' administered by state or local Fair Housing Agencies for *c*onsistency with " Title VIII of the Civil Rights Act of 1968 [ the Fair Housing Act ]." Here!!! the *C*ity of Washington DC and its *D*irector of the '**Office of Human Rights [*OHR*]**'...Gustavo F. Velasquez *v*iolated Plaintiff Federal Rights, depriving him of federally protected rights.

*F*urther in review! In a "*S*tatement " by Secretary Alphonso Jackson of HUD on May 20th, 2004 [ pg 13 ]... before the US House Committee of Financial Services, *s*tates: " The Department expects increases in *discrimination cases* processed by state and local fair housing agencies as a result of increased education and *outreach activities.*[1] The FY 2005 FHAP budget request support this increase. . . . Promoting the fair housing rights of persons with *d*isabilities is a Department priority and will remain an important initiative within FHIP.

*Recent News!* June 4th, 2008, Steve Preston is confirmed as *n*ew Secretary of Housing and Urban Development [ **HUD**] Department.

Pg 51

---

[1]. Plaintiff was a participant of this outreach activity ... receiving e-mail info unto fair housing violations

The " *i*nactions " of the Defendants'... The *C*ity of Washington D C and its DC Office of Human Rights under the *D*irector of Gustavo F. Velasquez does not support the Secretary of HUD "Statements" to Congress.

*The Court citing*:

*I* N.D. Tex. 2000   Government entity can be sued and subjected to monetary damages and injunctive relief under sec. 1983 only  if  its official policy or custom causes person to be *d*eprived of  federally protected right. 42 U.S.C.A. Sec 1983  — *Williams v. Kaufman County*, 86  F. Supp. 2d  586. *]*

Unto these *federally protected rights*!  The Court cites:

*I*n *Blockburger  v.  U.S.*, 284 U.S. 299 (1932), the supreme court held that punishment for two statutory offenses  arising out of the same criminal act or  transaction  does  not violate  the  Double Jeopardy Clause  if 'each provision requires proof of an additional fact  which  the  other  does  not, *I*d.  at  304.  Thus the *c*ommencement of this lawsuit is warranted. .

On  information  and   belief,  R. Alexander  Acosta,  Assistant  Attorney  General  For The  Civil Rights Division (DOJ) states: " The  law *p*rotects  the  rights of  individuals with disabilities to access  public  spaces,  services,  and  *a*ccommodations, yet without accessible housing,  individuals  with *d*isabilities  can  hardly  avail  themselves of

these wider opportunities. By expanding our enforcement effort to this critical area, we help individuals with *d*isabilities enter communities and begin to enjoy a a much wider circle of access." [ 9-29-04 ... Lawsuit against Housing Authority of Baltimore City. ]

This <u>s</u>uit sends a clear message to all " *M*unicipalities " to either allow tenants with disabilities equal housing opportunities or *p*ay the price for violating the law; [*e*]specially, those *m*unicipalities in whom are receiving **Federal Funds** to protect all *<u>citizens rights</u>* to ... "*e*nacted legislative acts of Congress."

On information and belief, Plaintiff legal rights for damages are confirmed by the <u>C</u>ourt recent decisions:... In Summary! Courts have brought into review the difference of an award of punitive ( or exemplary ) damages as seen to compensatory damages. *N*oting: *C*ompensatory damages redress the " loss the plaintiff has suffered by reason of the Defendant's wrongful conduct." *P*unitive damages serve the dual purpose of *d*eterrence and *r*etribution, and are viewed as " quasi-criminal" and as " private fines. " ... *D*efined by the Supreme Court.

*/* TXO Production Corp., v. Alliance Resources Corp., 509 U.S. 443 (1993): A plurality of the Court upheld a punitive damages award of 526 times the actual damages awarded, finding that it was not " grossly excessive " and did not violated due process. *]*

Pg 53

### Supporting the ~ No Genuine Issues:

On information and belief, Plaintiff brings a claim against **D**irector Gustavo F. Velasquez in his ***individual capacity***. " Claims against government officials in their individual capacity seek to impose personal liability upon a government officer for actions taken under color of state law. " *Haffer v. Melo*, 502 US 21, 25 (1991). Thus, to establish individual liability in a sec.1983 action a plaintiff must " show that the official, acting under color of state law caused the **d**eprivation of a federal right." Id. As the third circuit has made clear , " [A] defendant in a civil rights action must have personal involvement in the alleged wrongs." *Sutton v. Rasheed*, 323 F.3d 236, 249 ( 3d Cir. 200**3** ). (Quoting *Rode v. Dellarprete*, 845 F.2d 1195, 1207 ( 3d Cir. 1988 ) ). Personal involvement can be shown through allegations of personal direction or of **a**ction **k**nowledge and **a**cquiescence. *Rode*, 845 F.2d at 1207.

Cal. App. 2 Dist. 2007.   If a defendant's negligence is a concurring cause of an injury, the law regards it as a legal cause of the injury, regardless of the extent to which it contributes to the injury. *Raven H. v. Gamette*, 68 Cal. Rptr. 3d 897, 157 Cal. App. 4th 1017.

On information and belief, Plaintiff brings suit against *D*irector Gustavo F. Velasquez in his *__official capacity__* is equivalent to a suit against the City of Washington D C [ District of Columbia ... a municipality ] itself. *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ( " [A]n official - capacity suit is, in all respects other than name, to be treated as a suit against the entity." ) Thus this suit, in Law refer to the claim against the *D*irector as a claim against the City of Washington DC [ District of Columbia ]. That liability can be imposed on the *m*unicipality when (1) a constitutional violation occurred, see *City of Los Angeles v. Heller*, 475, U.S. 796, 799 (1986) (per curiam ), and (2) the violation was caused by a government policy or custom, see *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A government policy or custom may be manifested either in the acts of " its lawmakers or by those whose *e*dicts or act may fairly be said to represent official policy." Id. The *L*aw treat allegations of failure to supervise the same way. see *Medina v. City & County of Denver*, 960 F.2d 1493, 1500 ( 10th cir. 1992 ).

On information and belief, the highest law in the United States is the U.S. Constitution. *n*o state or federal law may contradict any provision in the Constitution. Law is generally divided into four (4) principle classes, namely; nature law, the law of nations, *p*ublic law, and private or *c*ivil law ~ a rule upon

Pg 55

*h*uman action, requiring a course of conduct not repugnant to morality or religion, and prohibiting actions *c*ontrary thereto.

   * *P*ublic Law ... one in which all persons have an *i*nterest.

 *[* S.D. Iowa 2001 Federal law may sometimes be a valid ground under which to bring claim for violation of public policy. Howard v. Coventry Health Care of Iowa, Inc., 158 F. Supp. 2d 937, Affirmed 293 F.3d 442 *]*

The [*I* ]nterest of this *C*omplaint is grounded in Federal Law: *C*onstitutional and *S*tatutory *L*aws. The **Fourteenth Amendment**, passed during the Reconstruction Era and aimed at racial discrimination, *p*rohibits the states from interfering with immunities or *p*rivileges of U.S. Citizenship, from *d*epriving individuals of liberty or property without due process of law, and from denying any individual the equal protection of the laws. *Section 1983*: Civil Action for Deprivation of Rights; *E*very person who, under color of any statute, ordinance, regulation, custom, or usage, of any state ... subjects, or causes to be subjected, any citizen ... to the *d*eprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be *l*iable to the party injured in an action at law, suit in equity, or other proceeding for redress.

In addition to providing a remedy for *d*eprivations of constitutional rights, section 1983 also makes actionable *violations of federal "Laws."* ( *Maine v. Thiboutot*, 448 U.S. 1 (1980). A violation of a federal statute is cognizable only when the

Pg 56

violation trammels a right secured by federal law. ( *Golden State Transit Corp.* *v. City of Los Angeles*, 493 U.S. 101, 106 (1989) ) ( " section 1983 speaks in terms of ' rights, privileges, or immunities,' not violation of federal law ").

*F*ederal laws generally involves matters that concern the entire country. *S*tate laws generally do not reach beyond the borders of the state. Under Article VI, Section 2, of the U.S. Constitution, *Federal Laws have supremacy over state and local laws.* This means that where a state or local law conflicts with a Federal Law, the Federal Law prevails. *F*urther in fact ! A local government can also be sued for constitutional *d*eprivations arising from a municipal custom even if the custom has not received formal approval through the body's official decision-making channels.

*FINALLY*! On information and belief, Plaintiff acknowledge: The preemption doctrine derives from the Supreme Clause of the Constitution... which states that the " Constitution and the laws of the United States ...shall be the supreme law of the land... anything in the Constitutions or laws of any *S*tate to the *c*ontrary

notwithstanding." This means of course, that any federal law – even a regulation of a federal agency – *t*rumps any conflicting *S*tate law. " Failure to read a contract does not excuse a party's performance. " ( Belk v. Martin, 39 P.3d 592, 136 Idaho 652 ( Idaho 2001 ) ). *H*ere! the '*F*ederal *Q*uestion' before this court is whether the intent of the legislative action was performed by the parties in accordance to Federal Law. " Intent of the parties to a contract is determined from the four corners of an unambiguous instrument, harmonizing the language therein if possible." ( Bunnell Farms Co. v. Samuel Gary, Jr. & Associates, 47 P.3d 804, 30 Kan.App. 2d 739. ( Kan,App. 2002) ).

Further! **M.D.Pa. 2003** " Even when constitutionally adequate procedures are employed, government action may violate substantive due process rights when it constitutes an arbitrary *a*buse of power." U.S.C.A Const.Amend.14 *Dennison v. Pennsylvania Dept. Of Corrections*, 268 F.Supp. 2d 387. The authority *i*nactions of the *D*irector ( Mr. Velasquez ) via the Office of Human Rights did perform an abuse of the legal duty [ power ] of the policies granted to that agency [ department ] and as such, where the *i*naction is foundation upon due process statue. **S.D. Ohio 2000** " Violations of substantive due process can be one of two kinds

(1) *deprivation of a particular *constitutional guarantee*, or (2) actions that shock the conscience." U.S.C.A. Const.Amend 14. *Culberson v. Doan*, 125 F.Supp.2d 252. " Court may award compensatory damages or punitive damages or both in intentional emotional distress cases." ( MCA 27 - 1- 317; Restatement (Second) of Torts sec. 46 *Czajkowski v. Meyers,* 172 P.3d 94, 339 Mont. 503, 2007 MT 292 ( Mont. 200*7* ) ). " Punitive damages serve to punish the wrongdoer and to deter the wrongdoer and others like him from *repeating the offensive act." ( *Brandner v. Hudson*, 171 P.3d 83. (Alaska 200*7*) ). " Conduct need not be outrageous to support award of emotional distress damages in battery or negligence action. AS 09.17.00, Id."

**R**espectfully Submitted:

*Henry W. Geter II*

Henry W. Geter II / **Pro Se**
700 Mich. Ave. N. E.   Ste A-11
Washington DC 20017
1 /202/ 986-2264

Dated: *July 30*<sup>th</sup>*08*

Pg 59

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Office of Human Rights



Judiciary Square Office
441 4th Street, NW, Suite 570N
Washington, DC 20001
Phone: (202) 727-4559 Fax: (202) 727-9589

Penn Branch Office
3220 Pennsylvania Avenue, SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559 Fax: (202) 645-6390

**ORIGINAL**

# LETTER OF DETERMINATION

*Via Certified/First Class Mail*

*INDEX EXHIBIT "A"*

June 18, 2007

Henry W. Geter II
100 Michigan Avenue, # A-11
Washington, DC 20017

RECEIVED
DATE: June 22 ND 07
BY: Henry W Geter II

Re:  *Henry Geter v. Trinity Community LP, et al*
      OHR CASE NUMBER:     07-176-H
      HUD CASE NUMBER:     03-07-0283-8

Dear Mr. Geter:

The Office of Human Rights (hereinafter "OHR") has completed its investigation of the above captioned complaint.  Henry Geter is referred to as **"COMPLAINANT."**  Trinity Community LP is referred to as **"RESPONDENT ONE."**  Veda S. Brinkley is referred to as **"RESPONDENT TWO."**  Connie Fletcher is referred to as **"RESPONDENT THREE"**.
Complainant's charge presented the following issues, which were investigated by the OHR:[1]

## ISSUES PRESENTED

Whether Respondent subjected Complainant to discrimination on the basis of his disability (diabetes, amputated feet) when Respondent delayed or denied granting Complainant's reasonable accommodation request of changing Complainant's rental payment due date to the 15th , rather than the 1st of the month.

## JURISDICTION

The Office of Human Rights ("OHR") has jurisdiction over complaints of discrimination filed within one year of the occurrence of an alleged discriminatory act that took place in the District of Columbia, or within one year of discovering the occurrence of such act; 4 DCMR § 702.1(a). Complainant was a tenant at 100 Michigan Ave., # A-11, Washington, DC 20017, at the time of

---

[1] Veda Brinkley and Connie Fletcher are administratively dismissed as Respondents, as they are employees of Respondent One and come under the auspices of *Respondeat* Superior/Vicarious Liability. Moreover, Respondent One is responsible for the actions of its employees.

the alleged violation. Complainant filed this complaint with the OHR alleging that Respondent discriminated against him as detailed above, in violation of Section 804(f)(3)(B) of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHAA?") and in violation of Section 2-1402.21 (d)(3)(B) of the District of Columbia Human Rights Act ("DCHRA"), as amended.

Respondent One is the owner of the multi-family housing unit in the District of Columbia. Respondent Two and Three are employees of the property management company which provides management services for Respondent One. Respondents have sufficient minimal contacts within the District of Columbia, therefore, the OHR has jurisdiction over Respondents.

## FINDINGS OF FACT

The OHR's findings of fact were obtained from the following: (a) Complainants' sworn statement and rebuttal; (b) Respondents' sworn statement; and (c) Respondents' responses to Interrogatories and Requests for Documents and (d) OHR's fact finding conference. Based on its investigation, the OHR makes the following findings of fact:

The Cloisters is a multi-family apartment building with 352 units. Respondent One is the owner of the apartment building. Respondents Two and Three are employees for the management company that operates the facility. The facility is located at 100 Michigan Ave., Washington, DC 20017.

Complainant filed a complaint with the U.S. Department of Housing and Urban Development on March 15, 2007 alleging he was discriminated against by the Respondent based on disability (diabetes and amputated feet) when Respondent failed to grant Complainant's reasonable accommodation and allow him to pay his rent on the 15th, rather than the first of every month.

The OHR record contains Complainant's Notice of Award for his disability from the Social Security Administration effective May 30, 2003. The award denotes Complainant's payment will be issued on or about the second Wednesday of each month.

Complainant's monthly rental payment is $1418.00. Complainant received three (3) delinquent rental notices for the month of March 2007: March 6, 2007 for a balance due of $1,433.00; March 11, 2007 for $1448.00; and March 16, 2007 for $1,468.00. Complainant was charged three (3) late fees during March 2007. Complainant submitted a rental payment to the Cloisters Apartment in the amount of $1,510.00 on March 23, 2007. Complainant consistently paid his rent between the 16th and 18th of every month.

The OHR record contains a Notice to Cure Violation of Tenancy or Vacate issued to Complainant by Respondent One's property management company on February 16, 2007. The notice states:

> *"By Continually and habitually paying your rent late. According to your lease, the rent is due and payable on or before the first day of the rental period without notice or demand for the same."*

The DCHRA and FHAA provide that it is unlawful for any person to refuse to make a reasonable accommodation in the rules, policies, practices, or services, when such accommodation may be necessary to afford such person equal opportunity to use and enjoy a dwelling unit including public use and common areas.

## Complainant's Allegations

Complainant alleges that he is disabled within the meaning of the FHA and the DCHRA. Complainant contends that he has diabetes, and mobility issues, specifically that his feet were amputated. Complainant alleges he was unable to work, and began receiving disability payments from Social Security. Complainant states he receives his disability payments once a month on the second Wednesday of the month. Complainant alleges that on or about October 20, 2003, he provided written medical documentation including a letter to Respondent's property management employee requesting a reasonable accommodation adjusting the due date of his rent based on when he receives his disability check so that he would not have to pay late charges every month.

Complainant asserts Respondents never provided Complainant with his reasonable accommodation request. Instead, Complainant states he continued to pay his rent late as he incurred a late fee every month. Complainant alleges there were no problems between he and Respondents until about November 2006 when he went to the rental office to pay his rent. Complainant claims Respondent's Accounting Clerk suggested to Complainant that he consider signing his Social Security check over to Respondents. Complainant states he refused to sign over the check to Respondents.

Complainant alleges that on or about February 17, 2007 he received a Notice to Cure from the Respondent One's Assistant Property Manager, advising him that Respondents would no longer accept late rent payments from Complainant.

Complainant alleges that on or about February 22, 2007 he sent a second request for a reasonable accommodation to Respondent's property manager mirroring the request made in 2003. Complainant asserts Respondents have not answered his latest request.

Complainant believes that Respondents are treating him differently with respect to terms and conditions or services and facilities based on his disability. Complainant believes that Respondents are forcing him out of his unit because of his disability. Complainant believes that Respondents failed to reasonably accommodate him by permitting him to pay his rent in the middle of the month without penalty.

## Complainant's Documents

Complainant submitted a faxed reasonable accommodation request dated February 22, 2007 addressed to Respondent Ones' property manager.

The confirmation form indicates the telephone number where the fax was sent is (202) 986-1215. The OHR investigation confirms this is the correct fax number for Respondent's property management office.

## Respondent's Defenses

Respondents maintains they have never received Complainant's reasonable accommodation request, and have no obligation to accommodate Complainant's reasonable accommodation request, because the request would change their policies, and the accommodation is not related to his disability.

Respondents state that Complainant is afforded the same opportunity to pay the rent as everyone else, and given the same amount of grace days to pay his rent on time without incurring late charges. Respondents maintain that rent payments are a contractual matter, and are unrelated to Complainant's disability.

Respondents note that when Complainant moved in during March 2003, he received a one-month concession on his rent, something which was given to all tenants at this time. Respondents declare that because of this one month rent-free concession given to Complainant, Complaint should actually be two (2) weeks early on his rent, not two weeks late.

Respondents also provided a list of seven (7) different residents whom they have granted reasonable accommodations for in the past year. These accommodations ranged from handicapped parking signs, to removing carpet and widening doorways, to unit transfers for residents.

## Complainant's Rebuttal to Respondent's Defenses

Complainant notes that he faxed the request to Respondent on February 24, 2007, and submitted the fax, and the transmission verification report which indicated the fax was successfully transmitted.

Complainant notes that reasonable accommodation requests are normally specifically asking to change a standard policy or rule because of a disability, so it is a violation not to grant a reasonable accommodation request because Respondent's standard policies would be changed. Complainant also notes that he did not become disabled until nine (9) months after he moved into Respondent's building, and thus he had no foreknowledge during which he could have applied the one month's free rent which was offered to all of the tenants upon move-in.

Finally, Complainant states that there have been other cases in which a landlord's refusal to extend payment dates for disabled residents have resulted in liability for the landlord.

## Respondent's Policies

The OHR investigation revealed that Respondent has a standard lease, signed by Complainant in February 2003, which states that the rent is due on the first of the month, with a grace period

until the fifth (5th) of the month.

## OHR Interviews

Respondent Two was asked if she had received the fax requesting a reasonable accommodation from Complainant. Respondent Two denied ever receiving the fax, or any of her employees ever receiving a fax requesting an accommodation from Complainant. Respondent Two was asked if she had received a fax, would she have granted Complainant's request. Respondent Two indicated that even if they had received the request, the accommodation still would not have been granted, because Respondent did not feel it was related to Complainant's disability, and that she then would have to grant other residents request to do the same thing as Complainant.

## STANDARD OF REVIEW

In order for a Complainant to prevail in this forum, the OHR must find that the OHR's record contains credible, probative, and substantial evidence from which a reasonable person could conclude that the *prima facie* elements of discriminatory behavior are present, and that a legitimate, nondiscriminatory explanation for the behavior either does not exist or is pretext for unlawful discrimination. 4 DCMR § 715.1; 4 DCMR § 499.1.

## LEGAL ANALYSIS

Under the Fair Housing Act, as amended (FHAA), it is unlawful for a housing provider to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling including the public use and common areas. 42 USC § 3604(f)(3)(B).

Discrimination may be proven either by direct evidence of discrimination, evidenced by the actions or words of the Respondent, or indirectly, following a burden-shifting analysis. The burden-shifting procedure initially established in *McDonnell Douglas Corp. v. Green* with respect to employment discrimination is applied to housing discrimination cases under the DCHRA and FHAA, as amended. *See, e.g., Neithamer v. Brenneman Property Services, Inc.*, 81 F. Supp. 2d 1, 3 (D.D.C. 1999); *Miller v. Poretsky*, et al., 595. F.2d 780, 791-792 (D.C. Cir. 1978) (concurring opinion); *United Mine Workers of Am. Int'l Union v. Moore*, 717 A.2d 332, 338 (D.C. 1998); *Atlantic Richfield Co. v. District of Columbia Comm'n on Human Rights*, 515 A.2d 1095, 1099 (D.C. 1986); *Hall v. Lowder Realty Co.*, 160 F.Supp.2d 1299, 1313-14 (M.D. Ala. 2001).

A plaintiff may prove discrimination under the FHAA by showing: (1) discriminatory effect, "disparate impact," (2) intentional discrimination, "disparate treatment," or (3) failure to provide reasonable accommodation. *T.K. v. Landmark West*, 802 A.2d 609, (N.J. 2001). Under the DCHRA, the same three-part test applicable to Title VII cases applies. *Atlantic Richfield Co. v. District of Columbia Comm'n on Human Rights*, 515 A.2d 1095, 1099 (D.C. 1986). The initial burden is on the Complainant to prove his *prima facie* case of discrimination. *Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 361 (D.C. 1993); see *Texas Department of Community Affairs*

v. *Burdine*, 450 U.S. 248 (1981). If the Complainant satisfies his burden, he raises a rebuttable presumption that the Respondent's conduct is unlawful discrimination. *Arthur Young*, 631 A.2d at 361. After this rebuttable presumption is raised, the Respondent must then articulate "some legitimate, nondiscriminatory reason for the employment action." *Atlantic Richfield*, 515 A.2d at 1099 (citing *Burdine*, 450 U.S. at 254). The Respondent can "satisfy its burden by producing admissible evidence from which the trier of fact [can] rationally conclude that its action [was not] motivated by discriminatory animus." *Atlantic Richfield*, 515 A.2d at 1099-1100. The Respondent need not persuade the "[trier of fact] that it was actually motivated by the proffered reasons." *Burdine*, 450 U.S. at 254.

If the Respondent articulates a legitimate, nondiscriminatory reason for its action, "the burden shifts back to the Complainant to prove...that the Respondent's stated justification for its action 'was not its true reason but was in fact merely a pretext' to disguise discriminatory practice." *Arthur Young*, 631 A.2d at 361 (citation omitted). "This burden merges with the ultimate burden of persuasion on the question of intentional discrimination." *Atlantic Richfield*, 515 A.2d at 1100. "[A]lthough the *McDonnell Douglas* presumption shifts the burden of production to the defendant, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993)(quoting *Burdine*, 450 U.S. at 253).

Thus, once the Respondent satisfies its burden of producing a nondiscriminatory reason for its action, the Complainant must show "both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center*, 509 U.S. at 515 (emphasis in original). It is not enough for the Complainant simply to show that the Respondent's proffered reason for its action was pre-textual, although that will "often considerably assist him in doing so." *St. Mary's Honor Center*, 509 U.S. at 517; *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). The Complainant must also prove "that the Respondent has unlawfully discriminated." *St. Mary's Honor Center*, 509 U.S. at 514. While pretext in the proffered reason for the action may, "in appropriate circumstances" justify an "inference" of discrimination, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000), a Plaintiff is never relieved of the burden of proving "that the Respondent has unlawfully discriminated." *St. Mary's Honor Center*, 509 U.S. at 514. In fact, judgment as a matter of law would be appropriate for the Respondent (i) "...if the record conclusively revealed some other, nondiscriminatory reason for the Respondent's decision...," or (ii) the plaintiff's factual challenge to the Respondent's articulated reasons was "weak" and there was "abundant and uncontroverted" independent evidence that no discrimination had occurred. *Reeves* at 148.

## FAILURE TO ACCOMMODATE A DISABILITY UNDER THE FHAA AND THE DCHRA

To establish a reasonable accommodation defense under the Fair Housing Act, the tenant must demonstrate that (1) she suffered from a "handicap" (or "disability"), (2) the landlord knew or should have known of the disability, (3) an accommodation of the disability may be necessary to afford the tenant an equal opportunity to use and enjoy her apartment, (4) the tenant requested a reasonable accommodation, and (5) the landlord refused to grant a reasonable accommodation. *See ;United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir.

1997); *Prindable v. Association of Apt. Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1254 (D. Haw. 2003); *Adam v. Linn-Benton Hous. Auth.*, 147 F. Supp. 2d 1044, 1047 (D. Or. 2001); *Means v. City of Dayton*, 111 F. Supp. 2d 969, 977 (S.D. Ohio 2000); *In re Kenna Homes Coop. Corp.*, 210 W. Va. 380, 557 S.E.2d 787, 794 (W.Va. 2001).

The federal Fair Housing Act does not require that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial physical damage to the property of others. 42 USC §§ 3604 (f)(9) (2001); DC Code §§ 2-1402.21 (2001) The Act's administrators, as well as the courts, have also ruled that an accommodation will not be reasonable, and thus will not be required, if it would impose an undue financial and administrative burden on the landlord or would fundamentally alter the nature of the landlord's operation. Joint Statement of the Department of Housing and Urban Development and the Department of Justice, Reasonable Accommodations under the Fair Housing Act (May 17, 2004).

Under the federal Fair Housing Act, unlawful discrimination occurs whenever a dwelling is denied to a renter because of that renter's disability. *Radecki v Joura*, 114 F3d 115 (8th Cir 1997). Under federal case law interpreting that provision, a discriminatory denial can occur at any time during the entire period before a tenant is "actually evicted;" actionable discrimination is not limited to the shorter cure period specified in a notice to cure or quit, or to any other period short of the eviction order itself. As a general rule, therefore, a "reasonable accommodation" defense is available at any time before a judgment of possession has been entered, if the other requirements of the defense are met.

Under the federal Fair Housing Act, a landlord is only obligated to provide a reasonable accommodation to a tenant if a request for the accommodation has been made. Joint Statement 11. A tenant who requests a reasonable accommodation, moreover, should make clear to the landlord that she is requesting an exception, change, or adjustment to a rule, policy, practice, or service because of her disability. *Id.* And she should explain what type of accommodation she is requesting. On the other hand, the Fair Housing Act does not require that a request be made in a particular manner.

Under the Act, a tenant's failure to make clear in her initial request what type of accommodation he or she is requesting is not fatal. According to applicable case law, including an administrative adjudication by the Department of Housing and Urban Development itself, once the tenant requests a "reasonable accommodation" (or, without using those exact words, requests an accommodation for a disability), the landlord is obliged under the Act to respond promptly. (See, Joint Statement, "landlord has an obligation to provide prompt responses to reasonable accommodation requests.") If the request is not sufficiently detailed to reveal the nature of that request, the Act - as properly interpreted - requires the landlord to "open a dialogue" with the tenant, eliciting more information as needed, to determine what specifics the tenant has in mind and whether such accommodation would, in fact, be reasonable under the circumstances. Any delay from the landlord's failure to respond promptly to the tenant's request may become the landlord's responsibility.

Until a landlord makes a good faith, reasonable effort for an accommodation, upon request, after learning of a tenant's mental impairment, the landlord's continued pursuit of a pending action for possession is a discriminatory act under the federal Fair Housing Act.

## THE INTERACTIVE PROCESS

Although neither statutory language in the Fair Housing Act nor its implementing regulations expressly require an "interactive process" for resolving requests for reasonable accommodations, several courts have indicated that the Act's statutory scheme inherently imposes such a requirement. *Jankowski v Lee and Associates, v Cisneros*, 91 F3d 891, 895 (7th Cir 1996) (if landlord is "skeptical of" tenant's alleged disability or landlord's ability to provide accommodation, "it is incumbent upon [] landlord to request documentation or open a dialogue"); *Jacobs v Concord Vill. Condo. X Assn*, 2004 US Dist LEXIS 4876, AT *5 (D. FL Feb 17, 2004); *Armant v Chat-Ro Co*, LLC, No 00-1402, 2000 US Dist LEXIS 11386, at *6 (ED La Aug 1, 2000); (quoting *Jankowski Lee & Assocs.* and further holding that once apprised of possible disability, landlord has duty to inquire or investigate further);*Auburn Wood I Homeowners Assn. v Fair Employment & Housing Comm.* (2004) 121 Cal. App. 4th 1578, 1598 [18 Cal Rptr 3d 669, 683] (quoting *Jankowski Lee & Assocs.* and further holding that obligation to "open a dialogue" with party requesting reasonable accommodation is part of interactive process in which each party seeks and shares information);*Cornell v Taylor LLP v Moore*, 200 Minn. App LEXIS 1317, at *11 (Min App Div Dec. 22, 2000)(quoting *Jankowski Lee & Assocs.*); *Cobble Hill Apts. Co*, 1999 Mass. App. Div. at 169 (the fact that tenant's reasonable accommodation request is neither specific nor suitable "does not relieve landlord from making one, particularly when tenant is handicapped by mental disability"). Compare *Andover Housing Authority v Shkolnik*, 443 Mass. 300, 820 NE 2d 815 (Mass. 2005) (housing authority did not violate "reasonable accommodation" requirement when evicting excessively noisy tenant, because housing authority had "made every effort to engage in an interactive process for ascertaining and accommodating [tenant's] condition" while tenants "impeded the authority's efforts to engage in a full interactive dialogue" by denying "that there was an ongoing and excessive noise problem"). *See generally* Jennifer L. Dolak

The U.S. Department of Housing and Urban Development has also taken this position. *See HUD v. Jankowski Lee & Assocs.*, HUDALJ 05-93-0517-1 (June 30, 1995) (once informed of the possibility that a tenant may need an accommodation, a landlord has the responsibility to explore that need and suggest accommodations). The HUD-DOJ Joint Statement explicitly calls for an "interactive process" in which the landlord and tenant "discuss the [tenant's] disability-related need for the requested accommodation and possible alternative accommodations," in the hope of negotiating "an effective accommodation for the [tenant] that does not pose an undue financial and administrative burden for the [landlord]." Joint Statement 7; *see id.* 9. Finally, when courts apply the reasonable accommodation provision of the Fair Housing Act, it is their established practice to rely on the Americans with Disabilities Act (ADA),42 USC §§ 12101, 12102, and the Rehabilitation Act (RA), 29 USC § 794, both of which mandate an interactive process through which employers and employees explore what accommodations are reasonable. *See* 29 C.F.R. § 1630.2 (o)(3) (1995); 29 C.F.R. pt. 1630 Appendix (1996); 29 USC § 794 (d); *Giebeler*, 343 F3d at 1156-57 (stating that court ordinarily applies RA case law in applying reasonable accommodation provisions of Fair Housing Act and also generally applies RA and ADA case

law "interchangeably"); *Good Shepherd Manor Foundation, Inc. v City of Momence*, 323 F3d 557, 561 (7th Cir 2003) (holding that Fair Housing Act requirements for showing failure to reasonably accommodate are same as those under ADA); *Shapiro*, 51 F3d at 335 ("reasonable accommodation" was intended to draw on case law under RA); *Erdman v City of Fort Atkinson*, 84 F3d 960, 962 (7th Cir. 1996) ("reasonable accommodation" requirement of Fair Housing Act is most often interpreted by analogy to same phrase in RA). The case law that the landlord relies on is factually distinguishable. *See, Lapid-Laurel v Zoning Board of Adjustment*, 284 F3d 442, 455 (3rd Cir. 2002) (holding that Fair Housing Act imposes no duty on local land use authorities to engage in informal interactive process with applicants for variance because those authorities "already face detailed state and municipal requirements mandating formal procedures, which, at least in some cases, prohibit them from engaging in informal, off-the-record negotiations"); *Groner*, 250 F3d at 1047 (holding that landlord violated no duty to engage in dialogue with social worker when landlord had already been in close contact with social worker for months). The Joint Statement 11 states that "An undue delay in responding to a reasonable accommodation request may be deemed to be a failure to provide a reasonable accommodation."

In a discrimination claim under the federal Fair Housing Act, when a tenant proposes a coherent, ostensible feasible accommodation responsive to her disability, the burden shifts to the landlord to ask for whatever additional details it considers necessary to evaluate that proposal. A landlord's obligation to elicit additional information about a basically understandable accommodation is no different from its obligation to fill out the details about a tenant's announced illness or elicit her reasons why a requested accommodation will alleviate her disability.

## DISABILITY

Under the DCHRA, a Plaintiff can establish that he has a disability if: (1) the Plaintiff has a physical impairment that "substantially limits" one or more of the Plaintiff's "major life activities;" (2) there exists a record of a physical or mental impairment whereby the Plaintiff has been classified (or misclassified) as having an impairment that "substantially limits" one or more of his "major life activities;"[2] or (3) the Plaintiff has a physical or mental impairment that the Defendant erroneously believes substantially affects one or more of the Plaintiff's "major life activities." *See*, 42 U.S.C. § 12102(2); *Liff v. Secretary of Transportation*, 1994 U.S. Dist. LEXIS 20970. The Plaintiff may establish that he suffered from a disability by sufficiently proving any one of the foregoing three elements. *Grant v. May*, 786 A.2d 580, 583 (D.C. 2001); *Cook v. RhodeIsland*, 10 F.3d 17, 22-23 (1st Cir. 1993); *Chandler v. City of Dallas*, 2 F.3d 1385, 1392 (5th Cir. 1993). However, Plaintiffs attempting to establish a qualified disability are held to a "demanding standard" in recognition that the ADA was intended to protect only those persons with impairments that preclude the performance of activities that are of central importance to daily life. *Toyota Motor Manufacturing v. Williams*, 534 U.S. 184, 197.

---

[2] The Respondent must be aware of this history.

A disability is defined as a "physical or mental impairment that substantially limits one or more of the major life activities of an individual having a record of such an impairment or being regarded as having such an impairment." D.C. Official Code § 2-1401-02(5A).[3] A physical impairment is "any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine." *Toyota*, 534 U.S. at 195-96. The ADA regulations define mental impairment as "any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. § 1630.2(i). The term "impairment" does not include "transitory illnesses which have no permanent effect on the person's health." *Stevens v. Stubbs*, 576 F. Supp. 1409 (D. Ga. 1983). Instead, a disability must be a serious injury or impairment of more than a temporary nature. *Providence Journal Co. v. Mason*, 116 R.I. 614, 359 A.2d. 682 (1976); *Lyons v. Heritage House Restaurants, Inc.*, 432 N.E.2d 270 (Ill. 1982).

A physical or mental impairment "substantially limits" when it considerably limits or limits "major life activities" to a large degree. *Toyota*, 534 U.S. at 196-97. "Major life activities" are those activities that are of central importance to daily life. *Id.* This jurisdiction has defined "major life activities" as functions the average person in the general population can perform with little or no difficulty, including, but not limited to, walking, seeing, hearing, breathing, standing, sitting and working. *Croley v. Republican Nat'l Comm.*, 759 A.2d 682 (D.C. 2000). *Cf. Toyota, supra,* 534 U.S. at 200 ("because of the conceptual difficulties inherent in the argument that working is a major life activity, [the Supreme Court has] been hesitant to hold [that working is a major life activity]"). To make the *prima facie* showing, the employee must present evidence as to the nature and severity of her impairment, its duration or expected duration and the permanent or long-term impact. *Toyota*, 534 U.S. at 198.

In cases where a Complainant alleges that he/she was denied a reasonable accommodation, the Complainant must demonstrate that he/she requested an accommodation, *Evans v. Davis Memorial Goodwill Industries*, 133 F. Supp. 2d 24, 27-28, *aff'd* 2001 U.S. App. LEXIS 28415, described the accommodation sought, *Flemmings* at 861; *Heasley* at 165, and that the Respondent denied the request. *Evans* at 27-28.

**Complainant demonstrates that Respondent refused to make a reasonable accommodation for his disability.**

Complainant alleges that Respondent failed to accommodate his disability when Respondent denied or delayed granting Complainant's reasonable accommodation request of allowing him to change the due date on his rent from the first of the month to the 15th.

Complainant establishes a *prima facie* case for discrimination on the basis of his disability. Complainant establishes the first element by virtue of his membership in a protected class under the DCHRA and ADA (disability). Based on information in the OHR record, Complainant has a

---

[3] This definition is substantially similar to the ADA's definition of disability: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

physical impairment because he has demonstrated that he has a "physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine. Complainant has an endocrine/metabolic disorder (diabetes) and it resulted in an anatomical loss, amputation. Complainant has also demonstrated that his physical impairment substantially limits one or more of his major life activities. Complainant cannot ambulate, therefore, his mobility and his ability to work is substantially limited. Furthermore, there exists a record of a physical or mental impairment whereby the Complainant has been classified as having an impairment that "substantially limits" one or more of his "major life activities.[4] Complainant also meets the second element. The landlord knew or should have known of the disability. In addition, this accommodation of the disability may be necessary to afford the tenant an equal opportunity to use and enjoy her apartment. Complainant demonstrated that he requested a reasonable accommodation; he asked that the date for rent be changed to the 15th of the month. Finally, the Respondent refused to grant a reasonable accommodation. Therefore, Complainant establishes a *prima facie* case.

Respondent does not establish that granting the reasonable accommodation would be an undue burden. Respondents maintains they have never received Complainant's reasonable accommodation request, and have no obligation to accommodate Complainant's reasonable accommodation request, because the request would change their policies, and the accommodation is not related to his disability.

Respondent states that Complainant is afforded the same opportunity to pay the rent as everyone else, and given the same amount of grace days to pay his rent on time without incurring late charges. Respondents maintain that rent payments are a contractual matter, and are unrelated to Complainant's disability. Finally, Respondents note that when Complainant moved in during March 2003, he received a one-month concession on his rent, something which was given to all tenants at this time. Respondents declare that because of this one month rent-free concession given to Complainant, Complaint should actually be two (2) weeks early on his rent, not two weeks late.

Respondent's reasons for denying Complainant's accommodation are weak and discriminatory. To begin, under the DCHRA and the ADA, Respondent has an absolute obligation to accommodate Complainant's disability[5] or at the very least engage in the interactive process, even if it means changing its policies and practices. This is the basis for requesting an accommodation. Second, Respondent contends that the accommodation has nothing to do with Complainant's disability. Complainant has demonstrated he has a disability; and he receives his disability checks on the second Wednesday of the month. Therefore, he is asking for this accommodation because he receives the checks **for his disability** and inability to work after the first of every month. (*emphasis added*) Respondent's reasoning is unconvincing; and it is almost incredible that it gives this explanation for its denial or that it denied this nominal request.

---

[4] The Respondent must be aware of this history.
[5] Unless proving an undue burden.

## CAUSE DETERMINATION

For the foregoing reasons,

1) **RESPONDENTS TWO (Veronica Brinkley)** and **RESPONDENT THREE (Connie Fletcher)** are **ADMINISTRATIVELY DISMISSED** as **RESPONDENT ONE** is the proper party in this dispute.

2) The OHR finds **PROBABLE CAUSE** to believe that Respondents One subjected Complainant to discrimination on the based on disability (diabetes and amputated limbs) when Respondent denied or delayed in granting Complainant's request of allowing him to change the due date of his rent from the first to the 15th of the month.

Respondents are requested to notify the OHR within ten (10) days after receipt of this letter of Determination as to whether they are prepared to pursue conciliation of this matter. If Respondents do not respond or do not respond in the affirmative, the OHR will issue a service of charge notifying the Complainants that they can elect to have this case processed for public hearing before the District of Columbia Commission on Human Rights or referred to the District of Columbia Office of the Attorney General for civil enforcement action in a court of competent jurisdiction.

*IT IS SO ORDERED.*

Sincerely,

Gustavo F. Velasquez
Director


cc:    Phillip L. Felts, Esq.
       Schuman & Felts, CHTD
       4804 Moorland Lane
       Bethesda, MD 20814

## CERTIFICATE OF SERVICE

_I Henry W. Geter II_  HEREBY CERTIFY on this  _4_ day of  _August_,
2008, that a copy of the foregoing _DOCUMENTS_ was forwarded to the _Defendants
and or Counsel for the Defendants_:

_VIA CERTIFIED MAILING_ as held to the addresses shown...
_B_elow.

Henry W. Geter II
100 Mich. Ave. N.E.  Suite A-11
Washington DC 20017

202/986-2264

_Service Listing:_

**City of Washington DC**    Certified Mail Receipt No. 7002 0460 0002 6317 0415
[ District of Columbia ]
c/o Peter Nickles
Attorney General
441 4th Street, N.W. Suite 1060N
Washington D.C. 20001

**DC Office of Human Rights**  Certified Mail Receipt No. 7002 0460 0002 6317 0422
_D_irector  Gustavo F. Velasquez
441 4th Street, N.W. Suite 570N
Washington D.C. 20001